NO. 07-00-0422-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 21, 2001

______________________________

RAMONA J. PERKINS, APPELLANT

V.

SENIOR VILLAGE, APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF OCHILTREE COUNTY;

NO. 10,011; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

In this appeal, appellant Ramona J. Perkins (Perkins) challenges a take-nothing summary judgment in favor of appellee Missionary Baptist Foundation of America d/b/a Senior Village Nursing Home (Senior Village).  In her sole issue, she argues the trial court erred in granting the judgment.  We affirm in part and reverse and remand in part.

The summary judgment evidence, including Perkins’s deposition,  reveals that while employed by Senior Village as a nurse’s aide, she suffered two injuries to her back.  The first occurred on October 21, 1996.  At that time, her deposition testimony shows she was in the process of transferring an elderly patient from a wheelchair to his bed.  She acknowledged that she had helped the patient do so on numerous prior occasions.  She also said that he was able to bear weight on his legs.  As she had been instructed to do in that type of situation, she was helping him stand up and was in the process of turning him around when the patient “raised his feet up and started laughing.”  As the patient did so, she “bore the weight” herself and put him on the bed. She felt a pain in her back and, according to her, immediately reported the injury to two of her fellow employees. She admitted that the patient’s action was an unusual and unexpected occurrence which she had not foreseen and she knew of no way that Senior Village could have foreseen it.

The second injury occurred November 5, 1996, when Perkins and another employee were lifting a patient into bed.  Perkins injured her back when the patient began to slide off the bed, forcing Perkins to grab her.  In her deposition testimony, Perkins reported this injury to her supervisor in the hallway minutes after the incident. 

After Senior Village refused to pay her medical expenses and a portion of her salary according to company policy, Perkins filed the suit underlying this appeal on September 17, 1998.  In doing so, she alleged Senior Village was negligent in failing to provide sufficient employees to lift patients and in failing to provide proper equipment to assist employees in lifting patients.  She also asserted a claim for breach of contract based on Senior Village’s alleged failure to follow its own policy providing for payment for work-related injuries.

In its June 2000 motion seeking summary judgment, Senior Village alleged there was no genuine issue of material fact on:  1) whether it was negligent in failing to provide sufficient employees or proper equipment for lifting patients; 2) if there was negligence, whether it was a proximate cause of Perkins’s injuries; 3) her claim for breach of contract because she failed to give immediate notice of her injuries as required in the employment policies; and 4) whether she was entitled to recover attorney fees.  

In granting its summary judgment, the trial court did not specify the particular grounds upon which it relied.  The summary judgment motion was a “traditional” motion based upon Texas Rule of Civil Procedure 166a.  The standards applicable to the review of such motions are so well established as to make their iteration here unnecessary.  
See Nixon v. Mr. Property Management Co.
, 690 S.W.2d 546, 548-49 (Tex. 1985).  Because the judgment does not state the grounds upon which it was granted, we must affirm it if any of the grounds stated in the motion are meritorious.  
Carr v. Brasher
, 776 S.W.2d 567, 569 (Tex. 1989).

Negligence Claims

Because Senior Village is not a subscriber to workers’ compensation insurance, the common law of negligence is applicable.  The elements of such a negligence claim are: 1) a legal duty, 2) a breach of that duty, and 3) damages proximately caused by the breach.  
Greater Houston Transp. Co. v. Phillips
, 801 S.W.2d 523, 526 (Tex. 1990).  However, the common-law defenses to a negligence action have been modified to the degree that an employer who is a non-subscriber may not rely upon contributory negligence, assumption of risk, or that the injury was caused by a fellow employee.  Tex. Labor Code § 406.033(a) (Vernon 1996).  Senior Village does not challenge the proposition that it owed its employees a legal duty to provide a safe working environment.  
See Leitch v. Hornsby
, 935 S.W.2d 114, 117 (Tex. 1996).  Rather, in its motion, Senior Village sought to conclusively negate the elements of breach and proximate cause.

Perkins’s negligence claims are based upon two specific allegations, 
i.e.
, that Senior Village failed to provide sufficient employees to lift patients, and that it failed to provide proper equipment for lifting patients.  With regard to furnishing sufficient employees, Senior Village points out its safety rules, which instruct employees that “all resident lifting and transfer will be done by at least two employees.”  In that regard, we note Perkins’s deposition testimony that at the time of the November 5 injury, she was working with another employee.  There was no summary judgment evidence that two employees were not sufficient to properly accomplish “resident lifting and transfer.”  Indeed, Perkins agreed that in most instances, two employees were sufficient. There was no summary judgment evidence that the patient would not fit within that general rule concession by Perkins.  In that regard, then, the summary judgment evidence is sufficient to establish that on November 5, Senior Village did have sufficient employees available. 

Senior Village’s safety rules do not define the “lifting and transfer” for which it requires at least two employees.  However, at the time of the October 21 incident, the summary judgment evidence shows that Perkins was not intending to “lift” the patient, but rather was assisting a patient who could support his own weight. Perkins was forced to assist the patient when, of his own volition, he unexpectedly raised both feet.  Viewed in the light most favorable to Perkins, the non-movant, as we must, the safety rule requiring two employees to “lift and transfer” patients would not be applicable.  Because she specifically pled that her injury resulted from Senior Village’s failure “to provide sufficient employees to lift patients,” it necessarily follows that she must take the position that at the time she was required to assist the patient, there were not sufficient employees present on October 21 to help prevent the patient from falling to the floor, which would require some “lifting” of the patient.  The summary judgment evidence was not sufficient to establish conclusively that there were sufficient employees available at that time and place.

However, in its motion, Senior Village also challenged the proximate cause element in both injuries.  Proximate cause is composed of two elements, namely, cause in fact and forseeability.  
El Chico Corp. v. Poole
, 732 S.W.2d 306, 313 (Tex. 1987).  In her deposition testimony, Perkins said she was injured when the patient unexpectedly raised both feet from the floor.  She admitted that was an unexpected event and Senior Village could not have foreseen the patient would do this.  That being true, the summary judgment evidence was sufficient to negate the forseeability element of proximate cause as related to the October 21 incident.

Perkins also alleged that Senior Village was negligent in failing to provide its employees proper equipment for lifting patients.  However, in her own deposition testimony, Perkins testified that Senior Village provided her with a belt which she was wearing and that a “lift” was available for use.  She was not able to identify any other equipment that could have been provided her which would have prevented the injuries. Thus, the evidence establishes that Senior Village did not breach its duty of care by failing to provide appropriate equipment.  Thus, having negated an essential element of each negligence theory pled by Perkins, Senior Village established its entitlement to summary judgment on the negligence claims.

Contract Claims

Perkins’s breach of contract claims are based on Senior Village’s failure to pay her medical expenses and 60 percent of her regular pay pursuant to its employment policies which, she argues, became part of the employment agreement between the parties.  The general rule in Texas is that an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly indicating an intent to do so.  
See Gamble v. Gregg County
, 932 S.W.2d 253, 255 (Tex.App.–Texarkana 1996, no writ), as well as the cases cited therein.  However, we need not consider that question because Senior Village does not challenge the existence of a contract.
(footnote: 1)  Instead, it seeks to establish its entitlement to summary judgment in this regard by showing Perkins failed to comply with a condition precedent to her rights under the contract.

In relevant part, Senior Village’s employee manual provided:

This company is a non-subscriber to Workman’s Compensation Insurance at its facilities.  All work related injuries must be reported by the employee to his/her supervisor immediately.  The administrator will follow company procedures for employee injuries.  Failure by the employee to report an injury in a timely manner may result in the facility refusing to pay for the expenses incurred by the employee.  It is the policy of [Senior Village] to pay the injured employee medical expenses for on the job injuries and 60% [of] his/her wages for regularly scheduled work hours for the length of time approved by the Director of Operations.

The summary judgment evidence shows that after she was injured on October 21, Perkins reported the injury to a nurse who was working in that area.  She said she did not know if that nurse had a “supervisory position over” her.  Perkins testified that she did not know if an investigation was made after she reported the injury to the nurse because “we got busy that afternoon.”  When Perkins spoke to Loretta Pearson, the director of nursing, about the injury the following morning, Pearson said that Senior Village would not pay Perkins’s medical expenses because she had not completed an accident report.  Just after the November 5 injury, Perkins said she saw Pearson in the hall and told her that she, Perkins, had injured her back.  She averred Pearson’s response was that it would not do any good to fill out an accident report because of Perkins’s prior injury.

The gist of Senior Village’s challenge to Perkins’s contract is simply that she failed to 
immediately
 notify her supervisor, and such notice is a condition precedent to liability to pay medical expenses and work pay under the contract.  In that argument, it fails to discuss the meaning of the word “immediate” as used in the contract.  It also fails to consider the meaning of the phrase “timely manner” as used in the policy, as well as Pearson’s alleged failure to “follow company procedures for employee injuries” when, under the summary judgment evidence, Perkins reported the November 5, 1996 injury within minutes of its occurrence. 

Black’s Law Dictionary, Sixth Edition, contains definitions of both “immediate” and “immediate-notice.”  In relevant part, it defines “immediate” as:

 . . . at once; without delay; not deferred by any interval of time.  In this sense, the word, without any very precise signification, denotes that action is or must be taken either instantly or without any considerable loss of time.  A reasonable time in view of particular facts and circumstances of case under consideration.

With regard to “immediate notice,” the dictionary considers that phrase as typically used in insurance contracts and defines it as “within a reasonable time.”  The applicable provisions of Senior Village’s employee manual includes the statement that notice must be given in a “timely manner.”  There is no summary judgment evidence that Perkins’s supervisor was immediately available to have notice of the injury given to her.  Considering all of the above, we are compelled to the conclusion that a genuine question of material fact exists as to whether Perkins failed to give notice of her October 21 injury in compliance with the policy.

Additionally, the undisputed evidence shows that she reported the November 5 injury “immediately” and her supervisor failed to take any action as required by the policy.  Thus, Senior Village has failed to establish its entitlement to summary judgment on Perkins’s contract claims for either injury.  Perkins’s issue is sustained to that extent.

The portion of the summary judgment granting Senior Village a take-nothing judgment as to Perkins’s negligence claims is affirmed.  However, that portion of the judgment dealing with her contract claims is reversed and that portion of Perkins’s underlying suit severed and remanded to the trial court for further proceedings in accordance with this opinion.  Tex. R. App. P. 43.2(c).

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Indeed, Senior Village cites 
Burlington Northern Ry. Co. v. Akpan
, 943 S.W.2d 48, 52 (Tex.App.–Fort Worth 1997, no writ) for the proposition that employment manuals can create enforceable rights.