Opinion issued April 8, 2004.







     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00543-CV




AUTONATION USA CORP.; AUTONATION, USA; 
AUTONATION, INC.; AUTONATION, INC. A/K/A
MERCEDES BENZ OF HOUSTON–NORTH;
HOUSTON AUTO IMPORTS NORTH, LTD.;
HOUSTON AUTO IMPORTS NORTH LTD.
D/B/A MERCEDES BENZ OF HOUSTON NORTH;
AUTONATION INC., A/K/A MERCEDES BENZ OF
HOUSTON–GREENWAY; HOUSTON AUTO
IMPORTS GREENWAY, LTD. D/B/A MERCEDES
BENZ OF HOUSTON–GREENWAY, Appellants

V.

ERIKA GREEN, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2002-59054




MEMORANDUM OPINION
          By interlocutory appeal, appellants, AutoNation USA Corp.; AutoNation, USA;
AutoNation, Inc.; AutoNation, Inc. a/k/a Mercedes Benz of Houston–North; Houston
Auto Imports North, Ltd.; Houston Auto Imports North, Ltd. d/b/a Mercedes Benz
of Houston North; AutoNation Inc., a/k/a Mercedes Benz of Houston–Greenway;
Houston Auto Imports Greenway, Ltd. d/b/a Mercedes Benz of Houston–Greenway
(collectively, “the AutoNation parties”), challenge an order denying a motion to
compel arbitration and to stay proceedings of appellee/real party in interest, Erika
Green. We determine (1) whether we have jurisdiction over the mandamus
proceeding or the accompanying interlocutory appeal and (2) whether the AutoNation
parties carried their burden of showing that they have the right to enforce Green’s
arbitration agreement. We affirm the judgment of the trial court.
Background
          Green began working at the Mercedes-Benz of Houston—Greenway in October
1998 as Client Relations Manager. Park Place Motor Cars of Houston, Ltd. (Park
Place) owned the dealership at that time. On October 12, 1998, Green signed an
“Alternative Dispute Resolution Agreement” (the arbitration agreement) with Park
Place. The arbitration agreement covered all discrimination claims based on an
employee’s “race, color, religion, sex, or national origin.” 
          In 1999, Park Place sold the dealership’s assets to Houston Auto Imports
Greenway, Ltd. d/b/a Mercedes Benz of Houston—Greenway (HAIG). In November,
2000, Green was transferred to Mercedes Benz of Houston North dealership, owned
by Houston Auto Imports North, Ltd. (HAIN). Green claimed that she was
transferred pursuant to a settlement agreement based on a sexual-harrassment and
discrimination claim that she had made. However, Green stated that, after the
transfer, she continued to be ostracized, received a reduction in pay, and had conflicts
with management because of her earlier discrimination claim. Green was fired in
October 2001. 
          On November 15, 2002, Green filed a lawsuit against the AutoNation parties
for race and gender discrimination, intentional infliction of emotional distress, breach
of contract, fraud, and other employment-related wrongs.


 The AutoNation parties
answered the lawsuit and filed a motion to compel arbitration under the arbitration
agreement. The trial court denied the AutoNation parties’ motion, and they perfected
this appeal.Interlocutory Appeal or Mandamus
          The trial court did not expressly determine whether the Texas General
Arbitration Act (TAA) or the Federal Arbitration Act (FAA) applied. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2003); 9 U.S.C. §§ 1-16 (2001). 
The method of review depends on which act applies. Mandamus is appropriate to
review an order denying arbitration when the FAA applies to the arbitration
agreement. See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998);
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992). Interlocutory
appeal is appropriate to review an order denying arbitration when the TAA applies. 
See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2004). 
The AutoNation parties stated that they filed both an interlocutory appeal and a
mandamus proceeding “out of an abundance of caution.” 
          The arbitration agreement in this case specifically refers to the TAA; it does not
mention the FAA. Section 10.1 of the arbitration agreement states, “Any proceeding
pursuant to the ADR Procedure shall be an arbitration proceeding subject to the Texas
General Arbitration Act.” Additionally, section 12.3 of the arbitration agreement
makes the following reference to the TAA:
Applicability of Arbitration Statute. The arbitration proceeding
shall be deemed an arbitration proceeding subject to the Texas General
Arbitration Act. If this ADR Procedure is in conflict with any
mandatory requirements of the Texas General Arbitration Act, the
statute shall govern. The Arbitrator shall have all powers granted to
arbitrators under the Texas General Arbitration Act.

Given the arbitration agreement’s express adoption of the TAA, we hold that this
agreement falls under the TAA. See In re Kellogg Brown & Root, 80 S.W.3d 611,
617 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Interlocutory appeal
is, thus, the appropriate method to review the order denying arbitration. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2). 
Standard of Review
           In an appeal from an interlocutory order denying a motion to compel
arbitration, the applicable standard of review is that of “no evidence.” Pepe Int’l Dev.
Co. v. Pub Brewing Co., 915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996,
no writ) (combined appeal & orig. proceeding). Under the “no evidence” standard,
the appellate court considers only the evidence and inferences tending to support the
finding under attack and disregards all evidence and inferences to the contrary. Id. 
We must affirm the trial court’s order if any legal theory supports it when, as in this
case, there are no findings of fact or conclusions of law. See id. When a party attacks
the legal sufficiency of an adverse finding on an issue on which it has the burden of
proof, the party must demonstrate on appeal “that the evidence establishes, as a matter
of law, all vital facts in support of the issue.” Dow Chem. Co. v. Francis, 46 S.W.3d
237, 241 (Tex. 2001); accord Burlington N. R.R. Co. v. Akpan, 943 S.W.2d 48, 50
(Tex. App.—Fort Worth 1996, no writ) (holding same in interlocutory appeal from
arbitration ruling). Such a matter-of-law challenge requires us first to examine the
record for evidence that supports the finding, while ignoring all evidence to the
contrary. Francis, 46 S.W.3d at 241; Akpan, 943 S.W.2d at 50. Only if there is no
evidence to support the finding will we then examine the entire record to determine
if the contrary proposition is established as a matter of law. Francis, 46 S.W.3d at
241; Akpan, 943 S.W.2d at 50. We will sustain the matter-of-law challenge only if
the contrary proposition is conclusively established. Francis, 46 S.W.3d at 241;
Akpan, 943 S.W.2d at 50.
Arbitration
          A party cannot be required to arbitrate unless it has agreed to do so. Trico
Marine Servs., Inc., v. Stewart & Stevenson Technical Servs., Inc., 73 S.W.3d 545,
548 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding); see also Tex. Civ.
Prac. & Rem. Code Ann. § 171.021(a) (Vernon 2003) (requiring judge to order
arbitration upon finding agreement to arbitrate). The parties’ agreement to arbitrate
must be clear. In this determination, Texas contract law applies. Trico Marine
Servs., 73 S.W.3d at 548. Construction of an unambiguous contract is a question of
law. Id. 
          A party seeking to compel arbitration has the initial burden to establish the
arbitration agreement’s existence and to show that the claims asserted fall within the
agreement’s scope.


 In re Kellogg Brown & Root, 80 S.W.3d at 615; see Tex. Civ.
Prac. & Rem. Code Ann. § 171.021(a) (Vernon 2003). Whether an enforceable
agreement to arbitrate exists is a legal question entitled to de novo review. In re
Kellogg Brown & Root, 80 S.W.3d at 615. If the party seeking arbitration carries its
initial burden, the burden then shifts to the party resisting arbitration to present
evidence on its defenses to the arbitration agreement. See In re Oakwood Mobile
Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999); see also Tex. Civ. Prac. & Rem.
Code Ann. § 171.021(b) (Vernon Supp. 2004). 
          Here, the AutoNation parties contend that the trial court erred in its implicit
conclusion that they did not carry their burden of showing that they had the right to
enforce the arbitration agreement. We disagree.
          The party seeking to compel arbitration must prove that it was a party to the
arbitration agreement or had the right to enforce the agreement, notwithstanding. 
Mohamed v. AutoNation USA, Corp., 89 S.W.3d 830, 836 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (combined appeal & orig. proceeding). “The burden of showing
one’s status as a party or one’s right to enforce, as with the overall burden of
establishing the arbitration agreement’s existence, is generally evidentiary.” Id. 
Therefore, an entity that was not a party to the arbitration agreement
may not enforce the agreement’s provisions unless that non-signatory
entity falls into an exception, recognized under general equitable or
contract law, that would allow such enforcement. One such exception
is that, as with any contract, an assignee, such as a successor-in-interest,
can be bound to the terms of an arbitration agreement signed by its
assignor, such as a predecessor-in-interest, depending on the
assignment’s terms.

Id.
          It is undisputed that the AutoNation parties were not signatories to the
arbitration agreement and that they were not expressly named as parties to the
agreement. However, the AutoNation parties allege in their verified motion to
compel that, pursuant to two asset-purchase agreements executed in August 1999,
they are corporate “successors-in-interest” to Green’s former employer, who had
signed the arbitration agreement. At the hearing on the motion to compel arbitration,
the AutoNation parties did not produce these asset-purchase agreements for the court
to review, nor did they request a continuance to produce it later. Furthermore, in
response to questioning by the trial court, counsel admitted that (1) the AutoNation
parties were “asset purchasers” and not “corporate successors” of the original
signatories to the arbitration agreement, and (2) the employment arbitration
agreements, such as Green’s, were not specifically recited in the asset-purchase
agreements as assets purchased by the AutoNation parties. Nevertheless, the
AutoNation parties provided the trial court with affidavits and an authenticated
“acknowledgment,” executed after this lawsuit was filed, as evidence that Green’s
former employer and the AutoNation parties interpreted the language of the asset-purchase agreements as assigning all employment arbitration agreements to them. 
This evidence is insufficient as a matter of law to meet the AutoNation parties’
burden of conclusively establishing that they are assignees of Green’s arbitration
agreement and are legally entitled to enforce it against her.
          Only where a contract is first determined to be ambiguous may the court
consider the parties’ interpretation of a contract and admit extraneous evidence to
determine the true meaning of the instrument. Kelley-Coppedge, Inc. v. Highlands
Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998); Transcon. Gas Pipeline Corp. v. Texaco,
Inc., 35 S.W.3d 658, 666 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Parol
testimony is inadmissible to establish the contents of an alleged assignment because
the written assignment itself, and not the parol evidence, is the best evidence of the
contents of the assignment. See Standifer v. Bond Hardware Co., 94 S.W. 144, 145
(Tex. Civ. App. 1906, no writ). 
          In this case, because there was no finding that the asset-purchase agreements
were, in fact, ambiguous, the defendants cannot rely on any extraneous evidence to
support their interpretation of the agreements to compel arbitration. See Transcon.
Gas, 35 S.W.3d at 666. In the absence of the purchase agreements that defendants
allege created their assignment rights, the trial court did not err in holding that
defendants had not met their burden of establishing that they were assignees of
Green’s arbitration agreement with her previous employers.
          Furthermore, the AutoNation parties do not present any authority, nor have we
found any, for the proposition that an “acknowledgment” of a prior agreement
executed after this lawsuit is dispositive of the trial court’s legal interpretation of the
language of the prior agreement. Contrary to the AutoNation parties’ assertions, any
inferences that could be drawn from the affidavits and the acknowledgment cannot
be used to meet their burden in this case because we may only make those inferences
that support the trial court’s implied rulings. See Tex. R. App. P. 33.1. 
          Accordingly, the trial court did not err in finding that the AutoNation parties
cannot enforce Green’s employment arbitration agreement and in denying the motion
to compel arbitration. 
          Accordingly, we hold that the AutoNation parties did not carry their initial
burden of showing that each party seeking to compel arbitration was entitled to
enforce the arbitration agreement.


 Having found that the AutoNation parties did not
carry their initial burden, we do not address Green’s issues relating to issue
preclusion and unconscionability.Conclusion
          We affirm the trial court’s order denying the AutoNation parties’ motion to
compel arbitration.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.