In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00388-CV
____________

AUTO NATION USA CORP.; AUTO NATION, USA; AUTO NATION,
INC.; AUTO NATION, INC. F/K/A MERCEDES BENZ OF
HOUSTON–GREENWAY; HOUSTON AUTO IMPORTS GREENWAY,
LTD. D/B/A MERCEDES BENZ OF HOUSTON–GREENWAY, Appellants

V.

KEBRET I. MOHAMED, Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2001-60221



MEMORANDUM OPINION

          By interlocutory appeal and petition for writ of mandamus, appellants,
AutoNation USA Corp., AutoNation, USA, AutoNation, Inc., AutoNation, Inc. f/k/a
Mercedes Benz of Houston–Greenway, and Houston Auto Imports Greenway, Ltd.
d/b/a Mercedes Benz of Houston–Greenway (the AutoNation parties), challenge the
trial court’s order denying the AutoNation parties’ second motion to compel
arbitration. We determine whether we have jurisdiction over the interlocutory appeal
and, once we have jurisdiction, in four issues, the AutoNation parties contend as
follows: (1) the doctrines of collateral estoppel and issue preclusion do not bar the
AutoNation parties from seeking a second order compelling arbitration; (2) this
Court’s ruling in Mohamed-I does not operate as law of the case; (3) the AutoNation
parties proved that they are a successor-in-interest to the arbitration agreement; and
(4) the trial court erred in denying the AutoNation parties’ second motion to compel
arbitration. We affirm the judgment of the trial court.
Background
          Kebret I. Mohamed, appellee, is a United States citizen, who was born and
raised in Ethiopia. In May 1999, the Mercedes Benz Greenway dealership hired
Mohamed as a valet for its car-sales business. Mohamed alleges that, shortly after he
was hired, his co-workers began severely harassing him because of his race and
national origin. Mohamed alleges the harassment continued until he was
constructively discharged.
          Mohamed signed an alternative dispute resolution agreement (“the arbitration
agreement”) with his employer, Park Place, in June 1999. The arbitration agreement
was between Mohamed and “Employer,” which was defined as (1) Park Place
Motorcars, Park Place Lexus, Park Place Bodywerks, Park Place Porsche/Audi, or any
Park Place Company and (2) any of those companies’ parent company, subsidiary
company, affiliate company, directors, officers, employees, or agents. It is undisputed
that Mohamed’s employer at the time of the arbitration agreement, Park Place, fell
under the definition of “Employer.” Some time before Mohamed quit, but after he
signed the arbitration agreement, the AutoNation parties purchased Park Place. 
          In November 2001, Mohamed sued the AutoNation parties and two of his
supervisors for race discrimination; intentional infliction of emotional distress; and
negligent hiring, supervision, and retention. In January 2002, the AutoNation parties
moved to compel arbitration. Mohamed contested the arbitration agreement’s validity
and enforceability. Both parties submitted summary evidence along with their
arbitration pleadings. After a non-evidentiary hearing, the trial court granted the
AutoNation parties’ motion to compel arbitration and abated the cause.
          Mohamed filed a petition for writ of mandamus and an interlocutory appeal in
this Court. On October 31, 2002, this Court dismissed the interlocutory appeal and
conditionally granted the petition for writ of mandamus, instructing the trial court to
vacate its order compelling arbitration. Mohamed v. AutoNation USA Corp., 89
S.W.3d 830, 832-33 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (hereinafter
referred to as “Mohamed-I”). On November 21, 2002, the trial court vacated its order
compelling arbitration. A few months later, on February 3, 2003, the AutoNation
parties filed a second motion to compel arbitration, which the trial court denied. The
AutoNation parties now file this interlocutory appeal and petition for writ of
mandamus. 
Interlocutory Appeal or Mandamus
          The trial court did not expressly determine whether the Texas General
Arbitration Act (TAA) or the Federal Arbitration Act (FAA) applied. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2003); 9 U.S.C. §§ 1-16 (2001). 
The method of review depends on which act applies. Mandamus is appropriate to
review an order denying arbitration when the FAA applies to the arbitration
agreement. See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998); Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992). Interlocutory appeal is
appropriate to review an order denying arbitration when the TAA applies. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2004). The
AutoNation parties stated that they filed both an interlocutory appeal and a mandamus
proceeding “out of an abundance of caution.” 
          The arbitration agreement in this case specifically refers to the TAA; it does not
mention the FAA. Section 10.1 of the arbitration agreement states, “Any proceeding
pursuant to the ADR Procedure shall be an arbitration proceeding subject to the Texas
General Arbitration Act.” Additionally, section 12.3 of the arbitration agreement
makes the following reference to the TAA:
Applicability of Arbitration Statute. The arbitration proceeding
shall be deemed an arbitration proceeding subject to the Texas General
Arbitration Act. If this ADR Procedure is in conflict with any mandatory
requirements of the Texas General Arbitration Act, the statute shall
govern. The Arbitrator shall have all powers granted to arbitrators under
the Texas General Arbitration Act.
 
Given the arbitration agreement’s express adoption of the TAA, we hold that this
agreement falls under the TAA. See In re Kellogg Brown & Root, 80 S.W.3d 611, 617
(Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Interlocutory appeal is, thus,
the appropriate method to review the order denying arbitration. See Tex. Civ. Prac.
& Rem. Code Ann. § 171.098(a)(1), (2). 
Standard of Review
           In an appeal from an interlocutory order denying a motion to compel
arbitration, the applicable standard of review is that of “no evidence.” Pepe Int’l Dev.
Co. v. Pub Brewing Co., 915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996,
no writ) (combined appeal & orig. proceeding). Under the “no evidence” standard, the
appellate court considers only the evidence and inferences tending to support the
finding under attack and disregards all evidence and inferences to the contrary. Id. 
We must affirm the trial court’s order if any legal theory supports it when, as in this
case, there are no findings of fact or conclusions of law. See id. When a party attacks
the legal sufficiency of an adverse finding on an issue on which it has the burden of
proof, the party must demonstrate on appeal “that the evidence establishes, as a matter
of law, all vital facts in support of the issue.” Dow Chem. Co. v. Francis, 46 S.W.3d
237, 241 (Tex. 2001); accord Burlington N. R.R. Co. v. Akpan, 943 S.W.2d 48, 50
(Tex. App.—Fort Worth 1996, no writ) (holding same in interlocutory appeal from
arbitration ruling). Such a matter-of-law challenge requires us first to examine the
record for evidence that supports the finding, while ignoring all evidence to the
contrary. Francis, 46 S.W.3d at 241; Akpan, 943 S.W.2d at 50. Only if there is no
evidence to support the finding will we then examine the entire record to determine
if the contrary proposition is established as a matter of law. Francis, 46 S.W.3d at
241; Akpan, 943 S.W.2d at 50. We will sustain the matter-of-law challenge only if
the contrary proposition is conclusively established. Francis, 46 S.W.3d at 241;
Akpan, 943 S.W.2d at 50.
Successor-In-Interest
          In point of error three, the AutoNation parties contend that they proved that they
are successors-in-interest to the arbitration agreement. Therefore, the trial court erred
in denying their second motion to compel arbitration of this action. 
          A party cannot be required to arbitrate unless it has agreed to do so. Trico
Marine Servs., Inc., v. Stewart & Stevenson Technical Servs., Inc., 73 S.W.3d 545, 548
(Tex. App.—Houston [1st Dist.] 2002, orig. proceeding); see also Tex. Civ. Prac. &
Rem. Code Ann. § 171.021(a) (Vernon 2003) (requiring judge to order arbitration
upon finding agreement to arbitrate). The parties’ agreement to arbitrate must be
clear. In this determination, Texas contract law applies. Trico Marine Servs., 73
S.W.3d at 548. Construction of an unambiguous contract is a question of law. Id. 
          A party seeking to compel arbitration has the initial burden to establish the
arbitration agreement’s existence and to show that the claims asserted fall within the
agreement’s scope.


 In re Kellogg Brown & Root, 80 S.W.3d at 615; see Tex. Civ.
Prac. & Rem. Code Ann. § 171.021(a) (Vernon 2003). Whether an enforceable
agreement to arbitrate exists is a legal question entitled to de novo review. In re
Kellogg Brown & Root, 80 S.W.3d at 615. If the party seeking arbitration carries its
initial burden, the burden then shifts to the party resisting arbitration to present
evidence on its defenses to the arbitration agreement. See In re Oakwood Mobile
Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999); see also Tex. Civ. Prac. & Rem.
Code Ann. § 171.021(b) (Vernon Supp. 2004). 
          Here, the AutoNation parties contend that the trial court erred in its implicit
conclusion that they did not carry their burden of showing that they had the right to
enforce the arbitration agreement. We disagree.
          The party seeking to compel arbitration must prove that it was a party to the
arbitration agreement or had the right to enforce the agreement, notwithstanding. 
Mohamed I, 89 S.W.3d at 836. “The burden of showing one’s status as a party or
one’s right to enforce, as with the overall burden of establishing the arbitration
agreement’s existence, is generally evidentiary.” Id. 
Therefore, an entity that was not a party to the arbitration agreement may
not enforce the agreement’s provisions unless that non-signatory entity
falls into an exception, recognized under general equitable or contract
law, that would allow such enforcement. One such exception is that, as
with any contract, an assignee, such as a successor-in-interest, can be
bound to the terms of an arbitration agreement signed by its assignor,
such as a predecessor-in-interest, depending on the assignment’s terms.
 
Id. (Emphasis added.)
          It is undisputed that the AutoNation parties were not signatories to the
arbitration agreement and that they were not expressly named as parties to the
agreement.   Instead, the AutoNation parties allege in their Second verified Motion to
Compel that, pursuant to the terms of an asset purchase agreement executed in 1999,
they were assigned all rights to Mohamed’s arbitration agreements as the corporate
“successors-in-interest” to Mohamed’s former employer, who had signed the
arbitration agreement. At the hearing on the motion to compel arbitration, the
AutoNation parties did not produce these asset-purchase agreements for the court to
review.


 Nevertheless, in support of this assertion, the AutoNation parties provided
the trial court with an authenticated “acknowledgment” of the assignment executed
after this lawsuit was filed and an affidavit from Gorden Devens, Vice President-Corporate Law for AutoNation, as evidence that the language of the asset purchase
agreement assigned all employment arbitration agreements to them. This evidence is
insufficient as a matter of law to meet the AutoNation parties burden of conclusively
establishing that they are assignees of Mohamed’s arbitration agreement and are
legally entitled to enforce it against him. 
          Only where the terms of a contract are first determined to be ambiguous may the
court consider the parties’ interpretation of a contract and admit extraneous evidence
to determine the true meaning of the instrument. Kelley-Coppedge, Inc. v. Highlands
Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998); Transcon. Gas Pipeline Corp. v. Texaco,
Inc., 35 S.W.3d 658, 666 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Parol
testimony is inadmissible to establish the contents of an alleged assignment because
the written assignment itself, and not the parol evidence, is the best evidence of the
contents of the assignment. See Standifer v. Bond Hardware Co., 94 S.W. 144, 145
(Tex. Civ. App. 1906, no writ). 
          In this case, because there was no finding that the terms of the asset-purchase
agreements were, in fact, ambiguous, the defendants cannot rely on any extraneous
evidence to support their interpretation of the agreements to compel arbitration.       Furthermore, the affidavit testimony of Gorden Devens about the terms of the
purchase agreement is inadmissible because it is not the best evidence of the contents
of the assignment.


 Id. In the absence of the purchase agreements that the AutoNation
parties allege created their assignment rights, the trial court correctly held that the
AutoNation parties had not met their burden of establishing that they were assignees
of Mohamed’s arbitration agreement with his previous employers.
          Furthermore, the AutoNation parties do not present any authority, nor have we
found any, for the proposition that an “acknowledgment” of a prior agreement
executed after this lawsuit is dispositive of the trial court’s legal interpretation of the
language of the prior agreement. Contrary to the AutoNation parties’ assertions, any
inferences that could be drawn from the affidavits and the acknowledgment cannot be
used to meet their burden in this case because we may only make those inferences that
support the trial court’s implied rulings. See Tex. R. App. P. 33.1. 
          Accordingly, the trial court did not err in finding that the AutoNation parties
cannot enforce Mohamed’s employment arbitration agreement and in denying the
motion to compel arbitration. 
          Accordingly, we hold that the AutoNation parties did not carry their initial
burden of showing that each party seeking to compel arbitration was entitled to
enforce the arbitration agreement.


 Having found that the AutoNation parties did not
carry their initial burden, we do not address Mohamed’s issues relating to issue
preclusion and unconscionability.
          Because we have found that the trial court did not err in denying the AutoNation
parties’ second motion to compel, we need not reach the remaining issues. 
Conclusion
          We affirm the trial court’s order denying the AutoNation parties’ motion to
compel arbitration.
 
 
                                                                                  George C. Hanks, Jr.
                                                                                  Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.