In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00050-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

SAMSON
LONE STAR, LLC

 

 

                                                 
                                                 

 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                               
                                                   

 

 

 

 

                                        Before
Morriss, C.J., Carter and Cornelius, *JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

__________________________________

*William J. Cornelius, Chief Justice, Retired,
Sitting by Assignment           








                                                      MEMORANDUM
OPINION

 

            Melba Faye Smith and Michael Edward
Smith (Smith) brought suit against Samson Lone Star, LLC (Samson), alleging
breach of contract.  In the course of
discovery, Samson objected to Request for Production No. 11, asserting that the
information sought was a trade secret. 
Smith argued that the information was not a trade secret and that
because Samson had inadvertently produced an analysis regarding “proved
developed reserves” in the Hancock-Smith Unit, Samson had waived the trade
secret privilege regarding all reserves within that unit.  The trial court ordered Samson to produce “all
documents responsive” to Request No. 11. 

            Here, Samson argues the trial court
abused its discretion by:  (1) finding
that Samson waived its trade secret privilege when it disclosed the Reserve
Analysis; (2) erroneously overruling Samson’s assertion of trade secret
privilege to Request No. 11; and (3) failing to order Smith to return the
Reserve Analysis to Samson.  Samson prays
that we vacate the trial court’s order and direct the trial court to enter an
order upholding the trade secret privilege and returning the inadvertently
produced document. 

            The order is overbroad and
indefinite and therefore constitutes an abuse of discretion.  We conditionally grant the petition for writ
of mandamus.

I.          Facts

 

            Smith sued Samson alleging that
Samson breached its duty to act as a reasonably prudent operator by failing to
drill wells on their gas leases.  During
the course of discovery, a dispute arose regarding Smith’s Request for
Production No. 11, which sought the production of “all documents that describe
the nature and/or extent of the Proved Producing Oil and Gas Reserves that
[Samson] or any other person has estimated exist on the Hancock-Smith Unit . .
. includ[ing] any calculations, study, analysis and/or reports with respect to
such reserves.” 

            Samson argued that the documents
sought by Request No. 11 were trade secrets and refused to produce them.[1]  Samson’s privilege log and
production/privilege log assert that several specific documents are trade
secrets and that several dozen categories of documents are also trade
secrets.    

            However, in response to the
discovery requests, Samson produced an analysis regarding “Proved Developed
Producing” reserves in the Hancock-Smith Unit (Reserve Analysis).[2]
 Smith argued that by producing the
Reserve Analysis, Samson had waived its trade secret privilege as to any
information regarding other reserves, specifically any information regarding “proven
undeveloped reserves” in the Hancock-Smith Unit.  

            In June 2010, Samson moved to “snap-back”
the Reserve Analysis documents under Rule 193.3(d), alleging they were
inadvertently produced trade secrets, and sought to have them returned via
court-order.  See Tex. R. Civ. P. 193.3(d).  Samson argued it was not aware of the
disclosure until April 27, 2010.  In
response, Smith produced correspondence indicating that Samson knew of the
production in September 2009.    

            The trial court agreed with Smith,
denied Samson’s snap-back motion, overruled Samson’s objections and assertions
of trade secret privilege to Request No. 11, found that Samson waived the trade
secret privilege by producing the Reserve Analysis, and ordered Samson to
produce “all documents responsive to” the request for production.  Samson sought mandamus relief.

II.        Mandamus

 

            Mandamus will issue to correct a
discovery order if the order constitutes a clear abuse of discretion and there
is no adequate remedy by appeal.  In re Colonial Pipeline Co., 968 S.W.2d
938, 941 (Tex. 1998) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  When determining whether the trial court
abused its discretion, we are mindful that the purpose of discovery is to seek
the truth so that disputes may be decided by what the facts reveal, not by what
facts are concealed.  Colonial Pipeline, 968 S.W.2d at
941.  The rules governing discovery do
not require as a prerequisite to discovery that the information sought be
admissible evidence; it is enough that the information appears reasonably
calculated to lead to the discovery of admissible evidence.  See
Tex. R. Civ. P. 192.3(a).  But this broad grant is limited by the
legitimate interests of the opposing party to avoid overly broad requests,
harassment, or disclosure of privileged information.  In re
Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).        

            Appellate courts will not intervene
to control incidental trial court rulings when an adequate remedy by appeal
exists.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004)
(orig. proceeding); Walker, 827
S.W.2d at 840.  A party will not have an
adequate remedy by appeal (1) when the appellate court would not be able to
cure the trial court’s discovery error, (2) when the party’s ability to present
a viable claim or defense at trial is vitiated or severely compromised by the
trial court’s discovery error, or (3) when the trial court disallows discovery
and the missing discovery cannot be made a part of the appellate record or the
trial court, after proper request, refuses to make it part of the record.  In re
Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); Walker, 827 S.W.2d at 843.  A trial court abuses its discretion and no
adequate remedy by appeal exists when a trial court erroneously compels
production of trade secrets without a showing that the information is “necessary.”  In re
Bass, 113 S.W.3d 735, 738, 745 (Tex. 2003) (orig. proceeding).

            A.        There is Evidence that
Samson Actually Discovered the Production of the                               Reserve
Analysis in September 2009

 

            Samson filed the snap-back motion
on June 2, 2010, and argued that it first learned of the production on April
27, 2010.  Smith contends that its
correspondence with Samson shows that Samson knew of the production in
September 2009, and therefore the snap-back motion is untimely.  In denying Samson’s snap-back motion, the
trial court found that Samson “did not invoke Rule 193.3(d) within 10 days of
actually learning that the [Reserve Analysis] documents were produced.”    

            Under Rule 193.3(d), a party who
inadvertently produced privileged information does not waive privilege as to
that information if, within ten days after the producing party actually
discovers that such production was made, the producing party amends the
response, identifying the material or information produced and stating the
privilege asserted.  Tex. R. Civ. P. 193.3(d).  If the response is amended to identify the
specific information inadvertently produced and assert a privilege, the
requesting party must promptly return the specified materials.  Id.  

            The issue here is the approximate
date Samson actually discovered that it produced the Reserve Analysis.  In a letter dated September 23, 2009,
regarding an upcoming discovery conference between the parties, Smith informed
Samson:

As you know, Samson produced reserve analysis
found on pages SAM-02976 through SAM-02981. 
We are interested in receiving this same report or form of analysis, if
any exist, for “proven undeveloped reserves” associated with the Hancock-Smith
Unit.  

 

In a
response letter dated September 30, 2009, Samson acknowledged receipt of the
September 23 letter and stood on its previously asserted objections and claims
of privilege, but made no mention of the Reserve Analysis.  More than eight months later, in June 2010,
Samson filed its snap-back motion, claiming that the Reserve Analysis was
privileged and that “Samson first learned that [the Reserve Analysis documents]
were inadvertently produced on April 27, 2010.” 


             Samson argues that the September 23 letter “did
not put Samson on notice that a[] privileged document had been produced.”  Smith contends that the September 23
letter put Samson on notice and that Samson failed to amend its response,
assert privilege as to the Reserve Analysis, or change its position in any way
regarding the Reserve Analysis until several months later.  

            The plain language of the September
23, 2009, letter informs Samson that it produced the Reserve Analysis and
Samson admitted receiving the letter. 
Parties are charged with notice of the contents of correspondence they
receive.  Burlington N. R.R. Co. v. Akpan, 943 S.W.2d 48, 51 (Tex. App.—Fort
Worth 1997, no writ) (party held to have knowledge of material fact contained
in document he admitted receiving); see
also Hexter v. Pratt, 10 S.W.2d
692, 693 (Tex. Comm’n App. 1928, judgm’t adopted), quoted with approval in Champlin Oil & Ref. Co. v. Chastain, 403
S.W.2d 376, 388–89 (Tex. 1965); see also
Hicks v. Loveless, 714 S.W.2d 30,
33 (Tex. App.—Dallas 1986, writ ref’d n.r.e); T-Vestco Litt-Vada v. Lu-Cal One Oil Co., 651 S.W.2d 284, 293
(Tex. App.—Austin 1983, writ ref’d n.r.e). 
Samson fails to cite any authority negating its knowledge of the letter’s
contents.  Therefore, the trial court
acted within its discretion when it denied Samson’s snap-back motion because it
had ample evidence from which to reasonably infer that Samson actually
discovered the inadvertent production in September 2009. 

            B.        The
Order Does Not Specify Which Documents Are Responsive to Request                            No. 11

 

            Samson refused to produce documents
in response to Request No. 11, claiming that they were trade secrets.  The trial court overruled all of Samson’s
assertions of trade secret privilege and ordered Samson to produce “all
documents responsive to this request.”  

            To be entitled to mandamus relief,
the relator must demonstrate (1) that no other adequate remedy at law exists,
and (2) under the law and facts relevant to the case, the act sought to be
compelled is purely ministerial.  In re Rodriguez, 77 S.W.3d 459, 460
(Tex. App.—Corpus Christi 2002, orig. proceeding).  “An act is ministerial if it does not involve
the exercise of any discretion.”  Id. (quoting State ex rel. Hill v. Court of Appeal Fifth Dist., 34 S.W.3d 924,
927 (Tex. Crim. App. 2001).  It must also
be “clear and indisputable” that the relator has an absolute right to relief
sought.  Id. at 461.  A ministerial
act is one that must be performed with such certainty it does not require the
exercise of judicial discretion.  Id. 


            Because the order fails to specify
which documents are responsive to Request No. 11, we are unable to determine
whether the trial court’s order required the production of documents subject to
the trade secret privilege.  Further, the
general nature of the order does not allow us to consider whether the trade
secret issue was properly preserved, proven, or rebutted as to the “responsive”
documents.  

            The order is overbroad and
indefinite and therefore constitutes an abuse of discretion. 

            We conditionally grant the petition
for writ of mandamus and direct the trial court to vacate the order in question
and enter a new order identifying in detail the material and information to be
produced, in a manner that will enable petitioner to properly comply.  Because we are confident the trial court will
comply with this mandate, the writ will issue only if the court fails to do so.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          August 2, 2010           

Date
Decided:             August 3, 2010











[1]Smith
does not dispute that Samson filed a proper production/privilege log.

 





[2]The
documents are labeled SAM-02976 through SAM-02981.