CITY OF ALAMO, et al., Appellants,

v.

Raul E. GARCIA and R.E. Garcia
and Associates, Appellees.

No. 13–93–602–CV.

Court of Appeals of Texas,
Corpus Christi.

June 9, 1994.

Ronald G. Hole, Law Offices of Ronald G. Hole, John R. Griffith, Thornton, Summers, Biechlin & Dunham, McAllen, for appellants.

Frank E. Perez, Royston, Rayzor, Vickery & Williams, Brownsville, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

DORSEY, Justice.

The City of Alamo files this interlocutory appeal from an order denying its motion to compel arbitration. We affirm.

This controversy arises out of a contract between the City of Alamo and R.E. Garcia & Associates. Garcia sued Alamo in January 1992, claiming that it breached its contract and that the manner in which it did created liability in tort. The tort damages are based on theories of tortious interference with an existing contract, violations of the Texas Election Code, libel or slander, intentional infliction of emotional distress, false light, and that such actions were intentional or malicious.

■ Alamo filed a *Motion to Enforce Arbitration* in January 1993. The hearing was held in September 1993 after which the court entered the order denying arbitration. The order stated "this Court is of the opinion that the City of Alamo has waived its right to compel arbitration or is otherwise not entitled to arbitration." We will uphold the order if it is proper on any basis considered by the trial court. *See Wetzel v. Sullivan, King & Sabom, P.C.*, 745 S.W.2d 78, 81 (Tex. App.—Houston [1st Dist.] 1988, no writ).

At the hearing Garcia attacked Alamo's right to arbitration on the following grounds: 1) the demand for arbitration was untimely according to the terms of the contract; 2) Alamo waived its right to arbitration; and 3) Alamo had not satisfied the conditions in the contract to invoke arbitration. The court did not file findings of fact and conclusions of law, nor was it requested to do so.

■ If parties to an agreement wish to have disputes arising under the agreement arbitrated, they may so provide. In the absence of such an agreement, there is generally no duty to arbitrate. A written agreement to arbitrate a dispute or a provision in a written contract to submit any disputes to arbitration is enforceable. TEX.REV.CIV.STAT. ANN. art. 224 (Vernon Supp.1994). However, a court may not compel arbitration in the absence of such an agreement. *Freis v. Canales*, 877 S.W.2d 283 (1994). Arbitration is a creature of contract and a clause requiring arbitration will be interpreted under contract principles. When a party seeks to compel arbitration, he must first establish his right to that remedy under the contract. *Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 920 (Tex.App.—Corpus Christi 1991, writ dism'd w.o.j.).

■ The contract involved here provides for arbitration of all claims under the contract, but also requires:

Notice of demand for arbitration must be filed in writing with the other parties to this agreement and with the American Arbitration Association. The demand must be made within a reasonable time after the claim, dispute or other matter in question has arisen.

Exhibit A to the contract also contains an arbitration provision that, among other matters, addresses how a demand for arbitration will be made:

Either party may invoke this provision for arbitration by giving the other party notice in writing demanding that such controversy be submitted to arbitration, which notice shall also contain the appointment of an arbitrator by the demanding party.

Additionally, the contract limited the authority of the arbitrators to amounts in controversy of less than $200,000.

The agreement to arbitrate required (1) written notice (2) to be given within a reasonable time (3) to the other party. The agreement also required that the demanding party appoint an arbitrator in its notice and a copy of both the notice and appointment be sent to the American Arbitration Association. At the hearing on the motion to compel arbitration, Garcia alleged that Alamo had not satisfied these conditions precedent to arbitration.

■ Breach of a condition precedent affects the enforceability of the provision to which the condition is attached. *Landscape Design & Constr. Co. v. Harold Thomas Excavating, Inc.*, 604 S.W.2d 374, 376 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). In contrast, a covenant is merely an agreement the breach of which gives rise to a cause of action for damages. *Id.* Generally courts prefer to construe provisions as covenants rather than conditions. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976). Whether a clause is a condition or a covenant depends upon the intent of the parties; particular wording is not necessary.

**666**

*Id.* However in the absence of a specifically limiting phrase that denotes a condition precedent, whether a specific clause is a condition precedent must be gathered from the contract as a whole and the parties' intent. *Gulf Constr. Co., Inc. v. Self,* 676 S.W.2d 624, 627 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Garcia filed suit in January 1992. The only demand for arbitration was filed by Alamo with the court on April 30, 1993, four months after the city filed a motion to compel arbitration with the court. The notice was directed to Garcia and the American Arbitration Association; however, it does not appoint an arbitrator nor does it indicate that a copy was sent to the American Arbitration Association. The notice does not meet the requisites established by the parties in their agreement.

We hold the notice requirements contained in the contract are conditions that must be met before a party is entitled to have the dispute referred to arbitration. To hold otherwise, that they are only covenants, would require Garcia to sue Alamo for its breach, and thus begin another round of litigation. Arbitration is a means to resolve a dispute without recourse to the courts; it should not be the cause of additional litigation. Only if the requirements of the contract are interpreted as conditions precedent to arbitration will the language of the entire contract be meaningful.

Because Alamo did not comply with the contractual requirements which entitle it to arbitration, the trial court properly refused to refer the dispute to arbitration. We do not reach the other grounds raised by the parties, that the city waived its rights to arbitration and that the demand was untimely under the contract.

We AFFIRM the judgment, denying arbitration.