**WEEKLEY HOMES, INC. d/b/a David Weekley Homes, Appellant,**

v.

**John JENNINGS and Eileen Rawitz, Appellees.**

No. 04–96–00477–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1996.

Rehearing Overruled Nov. 27, 1996.

John Burchfield, N. Terry Adams, Jr., Gilpin, Paxon & Bersch, L.L.P., Houston, for Appellant.

Gary F. Churak, San Antonio, for Appellees.

Before RICKHOFF, STONE and HARDBERGER, JJ.

## OPINION

PER CURIAM.

This is an interlocutory appeal from the trial court's denial of appellant's "Motion to Stay and to Compel Arbitration." We affirm.

Appellant and appellees entered a contract for the construction and sale of a new home. Appellees were dissatisfied with the home and sued appellant. The contract at issue contains the following language:

> Any controversy or claim whether such claim sounds in contract, tort, or otherwise, arising out of or relating to (i) this Agreement, (ii) any breach of this Agreement, (iii) the subject matter of the Agreement, (iv) the commercial or economic relationship of the parties to the Agreement, (v) any representations or warranties, express or implied, relating to the Agreement, (vi) any violations of any statute relating to the Agreement or the subject matter of the Agreement, and/or (vii) any related agreements between the parties to the Agreement ("the Disputes") shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") and the Federal Arbitration Act (Title 9 of the United States Code), and judgement upon the award rendered by the arbitrator(s) may be confirmed, entered, and enforced in any court having jurisdiction.

> The parties shall first mediate the Disputes in accordance with the Construction Industry Mediation Rules of the AAA. *Mediation of the Disputes is an express condition precedent to the arbitration of the Disputes.* The mediation shall be administered by the Houston Regional Office of the AAA and shall occur in Houston, Texas. Mediators must have at least five (5) years of experience serving as AAA mediators or arbitrators and shall have technical

expertise and knowledge appropriate to the subject matter of the Dispute.

(Emphasis added.)

The only evidence presented to the trial court was a copy of the contract containing this language and the affidavit of appellant's representative stating that the copy is a true and correct copy of the contract entered by the parties and that all claims asserted in appellees' petition fall within the subject matter of claims that must be submitted to arbitration. Appellant did not present any evidence that the dispute had first been mediated. Indeed, appellant did not even mention this provision of the contract in its motion to compel arbitration.

■ The Texas Supreme Court has held that a trial court may summarily determine whether to compel arbitration based on affidavits, pleadings, discovery, and stipulations. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992). It is only when the material facts necessary to determine the issue are controverted that the court must conduct an evidentiary hearing. *Id.*

■ In point of error one, appellant contends that there is no evidence to controvert the existence and applicability of an enforceable arbitration clause. The initial burden of presenting evidence of an arbitration agreement that governs the dispute at issue is on the movant. *Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 920 (Tex.App.—Corpus Christi 1991, writ dism'd w.o.j.). "Arbitration is a creature of contract and a clause requiring arbitration will be interpreted under contract principles. When a party seeks to compel arbitration, he must first establish his right to that remedy under the contract." *City of Alamo v. Garcia*, 878 S.W.2d 664, 665 (Tex.App.—Corpus Christi 1994, no writ); *accord, Belmont Constructors, Inc. v. Lyondell Petrochemical Co.* 896 S.W.2d 352, 357 (Tex.App.—Houston [1st Dist.] 1995, no writ); *see also Shearson Lehman*, 806 S.W.2d at 919 (right to arbitration is determined on basis of contract between parties).

■ Appellant presented evidence that the contract between the parties included an arbitration agreement and that appellees' claims fell within the scope of that agreement. The evidence also demonstrated, however, that the arbitration agreement was subject to an express condition precedent. "Breach of a condition precedent affects the enforceability of the provision to which the condition is attached." *City of Alamo*, 878 S.W.2d at 665. Thus, if appellant did not fulfill the condition precedent, it was not entitled to an order compelling arbitration.

■ Appellant contends that appellees cannot rely on the condition precedent because they did not raise this issue in the trial court. Appellant did not file a statement of facts reflecting whether the condition precedent was brought to the attention of the trial court. Appellees stated at oral argument that they did bring this matter to the court's attention. Appellant did not controvert this statement,[1] but argued that orally bringing the issue to the court's attention is not sufficient. This argument is based on cases holding that an objection, which in those cases happened to be in writing, is not sufficient if it is not supported by controverting evidence. *See e.g., Jack B. Anglin Co. v. Tipps*, 842 S.W.2d at 269. In the present case, the necessary controverting evidence was contained within appellant's own proof—the contract. Because the proof was before the trial court and the issue was brought to the court's attention, we decline to hold that fulfillment of the express condition precedent was waived.

As noted above, the only evidence presented to the trial court was the contract itself and an affidavit stating that appellees' claims fall within the scope of the arbitration agreement. Appellant did not assert in its motion to compel that it had fulfilled the condition precedent nor did it present any evidence that it had fulfilled that condition.

■ Appellant urges that it was appellees' burden to demonstrate that their claims

---

1. Even if appellant had disputed at oral argument whether appellees raised the issue orally at the hearing, we would be constrained to hold that the issue was not waived because appellant did not bring forth a sufficient record to demonstrate such waiver. *See* Tex.R.App. P. 50(d) (burden on appellant to bring sufficient record showing reversible error).

are not subject to arbitration. This would be true if appellees were seeking to avoid arbitration by asserting that their claims are not within the scope of the agreement or because the agreement was procured by fraud or misrepresentation. *See Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995) (burden on nonmovants to show claims outside scope of arbitration agreement); *Prudential Sec. Inc. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.—Corpus Christi 1993, no writ) (burden on nonmovant to present evidence of fraud); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Longoria,* 783 S.W.2d 229, 231 (Tex.App.—Corpus Christi 1989, no writ) (burden on nonmovant to show fraud). Appellant's failure to make a preliminary showing that the arbitration clause of the contract was properly invoked distinguishes the instant case from the cases cited above. In these circumstances, it was appellant's burden to establish its contractual right to arbitration, which contractual right was dependent on compliance with an express condition precedent. *See City of Alamo,* 878 S.W.2d at 665; *Shearson Lehman,* 806 S.W.2d at 919.

Because appellant did not produce any evidence that it complied with the contractual requirements which would entitle it to arbitration, the trial court did not err in denying the motion to compel. Point of error one is overruled.

In point of error two, appellant contends that Texas law requires that the lawsuit be stayed pending completion of arbitration. For the reasons stated above, appellant has not demonstrated its entitlement to arbitration. Thus, the trial court did not err in denying the motion to stay proceedings pending completion of arbitration. Point of error two is overruled.

The order of the trial court denying "Defendant's Motion to Stay and to Compel Arbitration" is affirmed.