TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00207-CV






Cowden Ward, doing business as Cowden Designer Homes, Appellant



v.



Carolyn McFarland, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-01273, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 Cowden Ward brings an interlocutory appeal of a trial-court order denying his motion to
compel arbitration. See Tex. Civ. Prac. & Rem. Code Ann. § 171.017(a)(1) (West 1997). Carolyn
McFarland sued Ward and Lindal Cedar Homes, Inc. for breach of contract, tort causes of action, and
Deceptive Trade Practices Act violations arising from disputes regarding two contracts executed by Ward
and McFarland. We will affirm the trial-court order.


THE CONTROVERSY


 Ward, a builder, negotiated with McFarland to build a home for her with building materials
purchased from Lindal Cedar Homes. On June 12, 1993, Ward and McFarland signed a "Purchase and
Sale Agreement" that covered the purchase of a custom cedar home kit manufactured by Lindal. The
Purchase and Sale Agreement denominated Ward as the "seller" and McFarland as the "purchaser." The
agreement provided that Lindal was a party to the contract only with respect to the warranties of the
building materials. The agreement expressly did not include construction services or labor. Paragraph 23
provided in relevant part:


Any controversy between the Purchaser and Seller arising out of or related to this
Purchase and Sale Agreement or the performance or breach thereof, shall be settled by
arbitration governed by the American Arbitration Association or by the Canadian
Arbitration Association in the State or Province of the Seller upon application by either
party, except that should the dispute include Warranty or other Lindal matters or be against
Lindal or be originated by Lindal, the arbitration will be held in Seattle, Washington or in
Vancouver, B.C.



The agreement expressly states that it could be modified by written agreement. The custom cedar home
kit was delivered in September of 1993, and McFarland does not complain of the kit or the quality of the
materials it contained.

 On July 23, 1993, Ward and McFarland executed a second contract, an "Owner and
Builder Agreement," by which Ward agreed to build McFarland's custom cedar home kit on a specified
lot for $150,000. Lindal was not a party to the second contract. The second contract states that it
contains the complete agreement of the parties. The Owner and Builder Agreement did not include an
arbitration clause but instead included the following clause:


In the event that the builder should fail to consummate this Contract for any reason, other
than title defects, except purchaser's fault, purchaser may enforce specific performance
or may bring suit for damages against seller.



 The parties encountered problems obtaining financing and clearing title to the property on
which the house was to be constructed. McFarland ultimately filed suit on January 30, 1995, alleging that
Ward fraudulently induced her to sign the documents by promising that he and Lindal Cedar Homes would
(1) construct the home for a total of $150,000 including the cost of the kit and (2) arrange for her interim
financing. On February 22, 1996, thirteen months after the cause was filed, and after the cause was set
for trial and rescheduled by agreement, Ward filed a motion to compel arbitration under the arbitration
clause in the first agreement.


ANALYSIS


Burden of Proof in the Trial Court

 The party moving to compel arbitration must prove the existence of a valid agreement to
arbitrate and that the dispute falls within the scope of the agreement. Cantella & Co. v. Goodwin, 924
S.W.2d 943, 944 (Tex. 1996, orig. proceeding); Burlington N. R. Co. v. Akan, 943 S.W.2d 48, 50
(Tex. App.--Fort Worth 1997, no writ). Whether the dispute falls within the scope of the arbitration
agreement is determined by looking at the factual allegations in the parties' pleading rather than at the
particular causes of action alleged. Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 900 (Tex. 1995);
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992).

 Once the applicant proves the existence and applicability of the arbitration agreement, the
burden shifts to the party resisting arbitration to demonstrate why it should not be compelled to arbitrate. 
Cf. Prudential Sec., Inc., 909 S.W.2d at 900 (analyzing case under the Federal Arbitration Act). 

 The trial court must hold a summary proceeding if the opposing party resists the motion to
compel arbitration. See Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a) (West 1997); Anglin, 842
S.W.2d at 271. The trial court may rely on affidavits, pleadings, discovery, and stipulations to determine
whether to compel arbitration. Id. The trial court conducts an evidentiary hearing only if necessary to
resolve disputed fact issues. Id. If the trial court determines that a valid agreement to arbitrate exists and
that the claim raised falls within the scope of that agreement, it has no discretion but to compel arbitration
and stay its proceedings pending arbitration. Prudential Sec., Inc. v. Banales, 860 S.W.2d 594, 597
(Tex. App.--Corpus Christi 1993, orig. proceeding). 


Standard of Review

 Whether an agreement imposes a duty to arbitrate a particular dispute is a question of law
for the court. Kline v. O'Quinn, 874 S.W.2d 776, 782 (Tex.App.--Houston [14th Dist.] 1994, writ
denied), cert. denied, ___ U.S. ___, 115 S. Ct. 2579, 132 L. Ed. 2d 829 (1995). However, depending
on the dispute, it may be necessary for the court to make the legal determination on the basis of factual
findings. See generally EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996, orig. proceeding)
(party with burden of proving waiver and fraudulent inducement must submit evidence to sustain its burden).
 In the present case, the trial court held a hearing but did not file findings of fact and conclusions of law. 
We must therefore affirm the trial court order if we can uphold it on any legal theory supported by the
evidence. EZ Pawn Corp. v. Gonzales, 921 S.W.2d 320, 322-23 (Tex. App.--Corpus Christi 1996,
writ denied), rev'd on other grounds, 934 S.W.2d 87, 88 (Tex. 1996, orig. proceeding)); Pepe Int'l
Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 929-930 (Tex. App.--Houston [1st Dist.] 1996, no
writ).

Application

 By point of error two, Ward argues that the trial court erred in impliedly determining that
the second contract's right-to-sue clause prevailed over the first contract's arbitration clause. We overrule
this point of error, and, because that ground is sufficient to support the trial court's order overruling the
motion to compel, we need not address Ward's other points of error.

 We determine whether Ward met his burden of proving the existence and applicability of
the arbitration agreement by examining the relationship between the Purchase and Sale Agreement and the
Owner and Builder Agreement in light of the factual allegations in McFarland's petition and any evidence
adduced by the parties. Anglin, 842 S.W.2d at 271.

 McFarland's petition alleged that she was fraudulently induced to sign both contracts by
Ward's assurance that he would obtain interim financing for her. She also alleged that the Owner and
Builder Agreement superceded the Purchase and Sale Agreement because the Owner and Builder
Agreement was the later, complete agreement between the parties, and that her promise to pay Ward
$150,000 to build the house included the cost of the cedar home kit. 

 Ward moved to compel arbitration solely on the basis of the arbitration clause in the
Purchase and Sales Agreement. McFarland responded to the motion, attaching to her response a copy
of the Owner and Builder Agreement and her own affidavit. Her affidavit averred that the second contract
embraced the sale of the kit as well as the building of the house. Ward did not testify at the summary
hearing, nor did he reply to McFarland's evidence. Therefore, the evidence before the trial court consisted
of the two contracts, McFarland's response to the motion to compel and attached affidavit, and
McFarland's pleadings.

 The parties to a contract have the power to modify it. Mandril v. Kasishke, 620 S.W.2d
238, 244 (Tex. Civ. App.--Amarillo 1981, writ ref'd n.r.e.); Montgomery Elevator Co. v. Tarrant
County, 604 S.W.2d 363, 367 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.). The determination
whether a contract has been modified is a question of fact that turns on the parties' intent. Century
Papers, Inc. v. Perrino, 551 S.W.2d 507, 509 (Tex. Civ. App.--Texarkana 1977, writ ref'd n.r.e.);
Stowers v. Harper, 376 S.W.2d 34, 39 (Tex. Civ. App.--Tyler 1964, writ ref'd n.r.e.). McFarland's
petition alleged that the parties intended the second contract to replace the first. Her affidavit supports that. 
Ward presented no evidence to refute her assertion. Further, the trial court could have found that the
second contract was a more accurate statement of Ward's and McFarland's agreement: the Purchase and
Sale Agreement was a standardized pre-printed form provided by Lindal, while the Owner and Builder
Agreement was a typewritten document apparently prepared by either Ward or McFarland. Based on the
record before it, we conclude that the trial court could have found that the second contract modified the
first and that Ward had not proven the existence of a valid arbitration agreement.

 Ward argues that we cannot consider the right-to-sue clause in the Owner and Builder
Agreement because McFarland had not performed a condition precedent to the contract's formation. 


 The contract provision Ward claims is a condition precedent provides:


If a part of the purchase price is to be paid from the proceeds of a loan, then this contract
is subject to purchaser's obtaining a loan in the amount of $_______, and purchaser
agrees to apply for said loan within 5 days from date hereof: that a vender's lien shall be
retained to execute all necessary forms required by the lending agency or the title company.
(sic) Failure to execute all of such forms shall result in a forfeiture of all deposits unless the
residence has not been finally approved by the lending agent.



 A condition precedent is either a condition to the initial formation of a contract or a
condition to an obligation to perform an existing agreement. Hohenberg Bros. Co. v. George E. Gibbons
& Co., 537 S.W.2d 1, 3 (Tex. 1976). Conditions may, therefore, relate either to the formation of
contracts or to liability under them. Id. Because of their harshness, courts are reluctant to interpret a
clause as a condition. Id. 

 The party seeking to compel arbitration must establish its right to arbitrate. See Akan, 943
S.W.2d at 50 (party moving to compel arbitration on basis of clause in modified employment contract had
burden of proving modification). Even if the contract provision would ordinarily serve as a condition
precedent to the formation of the contract, the trial court could have concluded that it did not in this case. 
Here, the parties left blank the line that should have specified the amount that McFarland must obtain by
loan. The provision, on its face, did not require McFarland to obtain a loan in any amount. (1) See, e.g.,
Weekly Homes, Inc. v. Jennings, 936 S.W.2d 16, 18 (Tex. App.--San Antonio 1996, writ denied) (on
its face, contract did not establish right to arbitration).

 Because the trial court was authorized to conclude that Ward did not prove the existence
and applicability of a valid arbitration agreement, the court did not err in denying his motion to compel. We
overrule Ward's five points of error and affirm the trial-court order. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 18, 1997

Do Not Publish
1. Additionally, we note that McFarland's pleadings alleged that she had fulfilled all conditions
precedent, and Ward's answer did not specifically deny the fulfillment of a particular condition. McFarland
states in her appellate brief that she did obtain financing.



ower to modify it. Mandril v. Kasishke, 620 S.W.2d
238, 244 (Tex. Civ. App.--Amarillo 1981, writ ref'd n.r.e.); Montgomery Elevator Co. v. Tarrant
County, 604 S.W.2d 363, 367 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.). The determination
whether a contract has been modified is a question of fact that turns on the parties' intent. Century
Papers, Inc. v. Perrino, 551 S.W.2d 507, 509 (Tex. Civ. App.--Texarkana 1977, writ ref'd n.r.e.);
Stowers v. Harper, 376 S.W.2d 34, 39 (Tex. Civ. App.--Tyler 1964, writ ref'd n.r.e.). McFarland's
petition alleged that the parties intended the second contract to replace the first. Her affidavit supports that. 
Ward presented no evidence to refute her assertion. Further, the trial court could have found that the
second contract was a more accurate statement of Ward's and McFarland's agreement: the Purchase and
Sale Agreement was a standardized pre-printed form provided by Lindal, while the Owner and Builder
Agreement was a typewritten document apparently prepared by either Ward or McFarland. Based on the
record before it, we conclude that the trial court could have found that the second contract modified the
first and that Ward had not proven the existence of a valid arbitration agreement.

 Ward argues that we cannot consider the right-to-sue clause in the Owner and Builder
Agreement because McFarland had not performed a condition precedent to the contract's formation. 


 The contract provision Ward claims is a condition precedent provides:


If a part of the purchase price is to be paid from the proceeds of a loan, then this contract
is subject to purchaser's obtaining a loan in the amount of $_______, and purchaser
agrees to apply for said loan within 5 days from date hereof: that a vender's lien shall be
retained to execute all necessary forms required by the lending agency or the title company.
(sic) Failure to execute all of such forms shall result in a forfeiture of all deposits unless the
residence has not been finally approved by the lending agent.



 A condition precedent is either a condition to the initial formation of a contract or a
condition to an obligation to perform an existing agreement. Hohenberg Bros. Co. v. George E. Gibbons
& Co., 537 S.W.2d 1, 3 (Tex. 1976). Conditions may, therefore, relate either to the formation of
contracts or to liability under them. Id. Because of their harshness, courts are reluctant to interpret a
clause as a condition. Id. 

 The party seeking to compel arbitration must establish its right to arbitrate. See Akan, 943
S.W.2d at 50 (party moving to compel arbitration on basis of clause in modified employment contract had
burden of proving modification). Even if the contract provision would ordinarily serve as a condition
precedent to the formation of the contract, the trial court could have concluded that it did not in this case. 
Here, the parties left blank the line that should have specified the amount that McFarland must obtain by
loan. The provision, on its face, did not require McFarland to obtain a loan in any amount. (1) See, e.g.,
Weekly Homes, Inc. v. Jennings, 936 S.W.2d 16, 18 (Tex. App.--San Antonio 1996, writ denied) (on
its face, contract did not establish right to arbitration).

 Because the trial court was authorized to conclude that Ward did not prove the existence
and applicability of a valid arbitration agreement, the court did not err in denying his motion to compel. We
overrule Ward's five points of error and affirm the trial-court order. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 18, 1997

Do Not Publish
1. Additionally, we note that McFarland's pleadings alleged that she had fulfilled all conditions
precedent, and