

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-352-CV

GRAND TEXAS HOMES, INC.,                        APPELLANTS
D/B/A GRAND HOMES, GRAND
HOMES 2003, L.P., GRAND
HOMES 2000, L.P. AND
MELANIE BRUTON

V.

SHIRLEY HILL AND JULIUS HILL                    APPELLEES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

**I. Introduction**

---

[1] *See* TEX. R. APP. P. 47.4.

In this interlocutory appeal, Appellants Grand Homes and Melanie Bruton challenge the trial court's denial of their motion to compel arbitration. We affirm.

## II. Factual and Procedural History

On April 11, 2005, Appellees Shirley and Julius Hill entered into a contract with Grand Homes 2003, L.P. ("Grand Homes") for the construction and purchase of a new home. The Hills paid Grand Homes a $5,000 deposit upon executing the agreement. Four days later, GLG Mortgage, L.P. ("Grand Lending"), an affiliate of Grand Homes, approved the Hills for a home loan. Over the next two months, the Hills paid Grand Homes an additional $118,000, which they were told would go toward paying down the total purchase price and toward "construction upgrades."

More than six months after receiving loan approval, the Hills were notified by Grand Lending that they no longer qualified for their loan. Subsequently, Grand Homes notified the Hills that it had elected to terminate their contractual agreement due to the Hills' failure to close. Shirley Hill called Grand Homes and requested a refund of the $5,000 deposit and the additional payments totaling over $118,000 that Grand Homes had retained. During this telephone call, Shirley Hill spoke with Mike Mints, Vice President of Grand Homes, and he refused her demand for the refund. On September 5, 2006, the Hills received

2

a letter from Mints in which he again refused Shirley's demand for the return of the money. On April 16, 2007, the Hills received an additional letter from Robert Garcia, general counsel of Grand Homes, in which Grand Homes again refused the Hills' demands. Subsequently, the Hills discovered that Grand Homes had sold the house to another buyer.

On June 11, 2007, the Hills filed suit against Grand Homes for breach of contract, negligence, suit on debt, statutory fraud, negligent misrepresentation, DTPA violations, and injunctive relief. On September 4, the Hills added Melanie Bruton—a sales employee of Grand Homes whom the Hills dealt with when they entered the contract—as a defendant.

On September 19, Grand Homes filed a motion to compel arbitration on behalf of itself and Melanie Bruton, arguing that the parties' contract requires arbitration of the dispute. The parties' contract contains the following arbitration clause:

> [A]ll claims and disputes arising out of or relating to this Agreement, except only any dispute in which Seller seeks equitable relief, shall be settled by arbitration in accordance with the rules of The American Arbitration Association then in effect . . . .
>
> a. If an agreement shall not have been reached within ten (10) days after notice of a claim or dispute is delivered by either party to the other party in accordance with the terms of this Agreement, then either party shall have the right at any time after the expiration of such 10-day period to refer such claim or dispute to arbitration as

3

herein provided, and both parties shall cooperate in obtaining such arbitration.

b. Notice of any demand for arbitration shall be filed in writing by the party seeking arbitration with both the other party to this Agreement and with The American Arbitration Association. Any demand for arbitration shall be made within 90 days after the expiration of the 10-day period specified above . . . .

The trial court denied the motion to compel arbitration, and Grand Homes and Bruton filed this interlocutory appeal as well as an application for writ of mandamus. This court consolidated the interlocutory appeal and the original proceeding on December 6 and denied Grand Homes's and Bruton's petition for writ of mandamus on February 21, 2008.

### III. Standard of Review

A trial court must consider two factors when determining whether to compel arbitration: (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of that agreement. *See Ikon Office Solutions, Inc. v. Eifert,* 2 S.W.3d 688, 693 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The party seeking arbitration has the initial burden to establish its right to the remedy under the contract; that is, to establish that a valid, enforceable arbitration agreement exists. *See id.*; *Grand Homes 98, L.P. v. Ely,* No. 05-00-00925-CV, 2001 WL 869362, at *1 (Tex. App.—Dallas Aug. 2, 2001, no

4

pet.). Once a party establishes a claim within the scope of the arbitration agreement, the trial court must compel arbitration and stay its own proceedings unless the party opposing arbitration meets its burden of presenting evidence that prevents enforcement of the agreement. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

In reviewing factual questions concerning an order denying arbitration, the appellate courts use a "no evidence" standard. *See Eifert,* 2 S.W.3d at 693. Legal conclusions, however, are reviewed de novo. *Id.* Because Texas public policy favors arbitration, every reasonable presumption must be decided in favor of arbitration. *Id*.

## IV. Grand Homes

Because the Hills do not dispute the existence of an arbitration agreement or that their claims fall within the scope of the arbitration clause, they have the burden to present evidence to prevent enforcement of the agreement. *See In re H.E. Butt Grocery*, 17 S.W.3d at 376. Although the Hills challenge the enforcement of the arbitration agreement on four grounds, the dispositive issue in this case is whether Grand Homes failed to comply with a condition precedent in the contract to invoke the arbitration clause.[2] Specifically, the

---

[2] In this interlocutory appeal, the Hills challenge the enforcement of the arbitration clause on four grounds: (1) failure to satisfy an asserted condition

5

Hills contend that Grand Homes's failure to file a demand for arbitration within 100 days of receiving notice of the Hills' claims was a failure of a condition precedent that was required to be met before arbitration could be compelled.

## A. Substantive vs. Procedural Issue

Grand Homes first argues that the question of whether a condition precedent was satisfied is a procedural question that must be left to the arbitrator. *See Ely,* 2001 WL 869362, at *1. Thus, according to its argument, whether Grand Homes timely demanded arbitration should not be decided by the trial court, and any determination of this question by the trial court is error.

Grand Homes made this exact same argument in an earlier case that its affiliate Grand Homes 98 was involved in. *See id.* In *Ely,* Grand Homes 98 had contracted with the plaintiffs for the construction of a new home. *Id.* After closing on the contract, the plaintiffs discovered that the house had been severely damaged in a fire and had suffered substantial water damage. *Id.* The plaintiffs sent a demand letter to Grand Homes 98 on January 18, 2000, and then subsequently filed suit on April 25, 2000. *Id.* On May 17, Grand Homes 98 filed a motion to compel arbitration. *Id.* The trial court denied the motion

precedent to arbitration; (2) collateral estoppel precluding arbitration; (3) waiver; and (4) unconscionability.

6

because it found that Grand Homes 98 had failed to comply with notice requirements that were a condition precedent to the arbitration clause. *Id.* On appeal, the reviewing court held that it was permissible for the trial court — rather than the arbitrator — to determine whether the condition precedent had been satisfied because the relevant facts of the case were undisputed. *Id.*

Thus, the question before us today is whether the facts are disputed; if they are, then the issue of whether the condition precedent was fulfilled should have been determined by the arbitrator, as asserted by Grand Homes. *See id.* Grand Homes argues that the facts are disputed because the Hills failed to present any evidence indicating when or if they delivered the required notice of "a claim or dispute."

After a careful review, we determine that the record clearly shows that Grand Homes received notice of the Hills' "claim or dispute," and therefore we determine that Grand Homes had notice as a matter of law. *See Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347–48 (Tex. 2004) (holding that actual notice can be determined as a matter of law). First, although Grand Homes argues that the facts are disputed, they have offered nothing more than their bare assertion that "there is no evidence before the [trial court] as to when or if [notice of a claim or dispute] occurred." In contrast, the record clearly shows that the Hills presented affidavit testimony in which Shirley Hill stated

7

that after learning that according to Grand Homes she and her husband no longer qualified for their loan, she called Grand Homes and spoke with Vice President Mints and "requested a refund of the $5,000 deposit and the additional payments totaling over $118,000." However, Mints refused her request as evidenced by his September 5, 2006 letter. We determine that this evidence indicates that Grand Homes had notice that the Hills were disputing the withholding of their approximate $123,000, and there is no conflicting evidence in the record. *See World Savings Bank, F.S.B. v. Gantt,* 246 S.W.3d 299, 305 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that a fact issue existed where there was conflicting evidence in the record).

However, even if it could be argued that this exchange between Shirley Hills and Mints was insufficient to convey notice to Grand Homes that the Hills had a claim or dispute regarding the withholding of the funds, the record further shows that after receiving Mints's letter, Shirley Hills continued to contact Grand Homes to make requests for documentation as to how the $118,000 was applied. However, all such requests were denied by Grand Homes's representatives. The culmination of Grand Homes's refusal to return the funds was evidenced in the April 16, 2007 letter to the Hills in which Grand Homes rejected "[Shirley's] demand for the return of deposits retained by Grand

8

Homes." Clearly, Grand Homes had notice as of April 16 that the Hills were disputing the fact that their money had not been returned to them.

Furthermore, we are not convinced by Grand Homes's characterization of Shirley Hill's multiple phone calls as "inquiries" that were insufficient to convey notice. First, the record shows that the Hills continued to contact Grand Homes regarding the retained funds even after Grand Homes had denied their request by phone and by letter. The Hills' repeated attempts to recover their funds indicates that the Hills actually disputed Grand Homes's decision to retain the funds and that they were making more than a mere "inquiry," as Grand Homes asserts. Moreover, the very letter sent by Grand Homes on April 16 states that it is in response to "[the Hills'] demand for the return of deposits." The fact that Grand Homes referred to the Hills "demand" indicates that it was more than a mere "inquiry."

Because the record does not show any conflicting evidence regarding whether Grand Homes had notice of the Hills' claim or dispute, we determine that Grand Homes had notice of the Hills' claim or dispute. Because the facts are undisputed, we hold that it was proper for the trial court to make the

determination of whether the condition precedent was satisfied.[3]  *See Ely*,

2001 WL 869362, at *2.  Thus, we reject Grand Homes's first argument.

## B. Burden to Demand Arbitration

Grand Homes further contends that there is no legal or factual basis for

the Hills' argument that the timely demand for arbitration is a condition

precedent to the right to arbitrate.

General contract principles apply to construction of an arbitration

agreement.  *See D. Wilson Constr. Co. v. Cris Equip. Co.*, 988 S.W.2d 388,

393 (Tex. App.—Corpus Christi 1999, pet. granted, judgm't rev'd w.r.m.); *Ely,*

2001 WL 869362, at *2.  A contract "will be enforced according to its plain

meaning unless such a reading would defeat the intention of the parties." *D.*

*Wilson Constr. Co.,* 988 S.W.2d at 393.  A condition precedent in a contract

includes an event that must occur before there is a right to performance under

a contract.  *Id.* at 395.  To determine whether a condition precedent exists, the

intention of the parties must be ascertained, which requires an examination of

the entire contract.  *See Criswell v. European Crossroads Shopping Ctr., Ltd.*,

792 S.W.2d 945, 948 (Tex. 1990).  Conditional language, such as "if," is

---

[3] Because we hold that the facts are undisputed, we must review the trial court's denial of Grand Homes' motion to compel arbitration under a de novo standard.  *See Eifert,* 2 S.W.3d at 693; *Ely*, 2001 WL 869362, at *1.

indicative that a condition precedent was intended by the parties. *See Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.—Houston [1st Dist.] 1995, no writ). Breach of a condition precedent affects the enforceability of the provision to which the condition is attached. *City of Alamo v. Garcia*, 878 S.W.2d 664, 665 (Tex. App.—Corpus Christi 1994, no writ).

Grand Homes first argues that it did not have the burden to initiate arbitration prior to the filing of the Hills' suit. Instead, Grand Homes argues that it was the Hills' responsibility—as claimants—to initiate arbitration proceedings and that Grand Homes was never a party seeking arbitration under the contract. We reject this argument because the plain language of the contract gives "either party" the right to refer any claim or dispute to arbitration. *See e.g., Ely,* 2001 WL 869362, at *2. Thus, it is the responsibility of the party desiring arbitration to file a demand for arbitration.

We also reject Grand Homes's contention that the time period to demand arbitration does not apply to Grand Homes. After reviewing the contract, we determine that the plain language clearly expresses the parties' intent that a timely demand for arbitration must occur before a party has a right to arbitration. *See id.* Section 17 provides: "If an agreement shall not have been reached within 10 days after notice of a claim or dispute is delivered by either

11

party to the other party . . . , then either party shall have the right at any time after the expiration of such 10-day period to refer such claim or dispute to arbitration as herein provided." *Id.* It further provides: "Any demand for arbitration shall be made within 90 days after the expiration of the 10-day period specified above." *Id.* We conclude that under the plain language of the parties' agreement, a timely demand for arbitration was a condition precedent to the enforceability of the arbitration clause. *See id.*

## C. Whether Grand Homes Satisfied the Condition Precedent?

Grand Homes next argues that if the contract required that a demand for arbitration be made within 100 days of receiving notice of a claim or dispute, then it satisfied such a condition as it filed a demand for arbitration within 100 days of the filing of the underlying lawsuit. Grand Homes points to June 18, 2007—the date that it was served with the Hills' lawsuit—as the day that it received notice of the Hills' claims or disputes. Grand Homes asserts that because it actually received notice of the claims on June 18, the expiration for the asserted time to make a demand for arbitration fell on September 25, or 100 days after June 18. Thus, Grand Homes asserts that its demand for arbitration was timely because it filed the motion to compel arbitration on September 19.

After reviewing the plain language of the arbitration agreement, we determine that Grand Homes failed to satisfy the condition precedent. First, the record shows that Grand Homes failed to file an adequate demand for arbitration. Grand Homes's attempt to rely on its September 19 motion to compel arbitration as evidence that it complied with the arbitration agreement is insufficient. Per the agreement, Grand Homes was required to file a demand for arbitration with the American Arbitration Association ("AAA") within 100 days of receiving notice of the Hills' claims. The record is clear that Grand Homes has never filed such a demand with the AAA.

Furthermore, even if Grand Homes's September 19 motion to compel arbitration was a sufficient "demand" for arbitration—which it is not—the motion was still untimely. Our review of the record shows that Grand Homes had notice of the Hills' "claim or dispute" at the latest by April 11, 2007.[4] Grand Homes was required to file a demand for arbitration within 100 days, or, at the latest, by July 20, 2007.[5] However, Grand Homes did not file its motion to compel arbitration until September 19. Thus, the record shows that Grand

---

[4] September 5, 2006 and April 11, 2007 are the dates that Grand Homes sent the Hills two letters in which Grand Homes denied the return of the Hills' deposit and subsequent payments, totaling $123,000.

[5] *See id.*

13

Homes failed to demand arbitration within 100 days of receiving notice of the Hills' dispute as required by section 17 of the arbitration agreement.

Grand Homes did not comply with this condition precedent to its contractual right to arbitration, and this breach affects the enforceability of the arbitration provision to which the condition is attached. *Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex. App.—San Antonio 1996, writ denied); *Ely,* 2001 WL 869362, at *3. We conclude that because the Hills have presented evidence that Grand Homes failed to satisfy a condition precedent, Grand Homes was not entitled to an order compelling arbitration. *See In re H.E. Butts Grocery*, 17 S.W.3d at 367; *Ely,* 2001 WL 869362, at *3.[6]

### V. Melanie Bruton

In this appeal, the Hills allege that a Grand Homes's sales employee, Melanie Bruton, was not entitled to an order compelling arbitration because she and Grand Homes failed to satisfy a condition precedent.

Although Bruton was not a signatory to the contract between Grand Homes and the Hills, no one challenges the fact that Bruton was an agent

---

[6] Thus, it is unnecessary for us to consider the remaining grounds upon which the Hills challenged the enforcement of the arbitration clause. *See* TEX. R. APP. P. 47.1.

14

acting for Grand Homes's benefit and within the scope of her agency.[7] Because a principal—such as Grand Homes—is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements. *See In re Merrill Lynch Trust Co. FSB,* 235 S.W.3d 185, 188 n.5 (Tex. 2007). Thus, the pertinent question before us is whether Bruton satisfied the arbitration clause's condition precedent.

The record shows that Bruton was added as a defendant in this lawsuit on September 4, 2007, and that she received notice of the Hills' amended petition on September 10. On September 19, Grand Homes filed a motion to compel arbitration on behalf of itself and Bruton. As we have previously determined, this motion was an insufficient demand for arbitration. Per the agreement, Bruton and Grand Homes were required to file notice of a demand for arbitration with the AAA and with the Hills within 100 days of receiving notice of the Hills' claims. Bruton had notice of the Hills' claims once she was served with their lawsuit on September 10. However, there is no evidence in the record to show that Bruton filed notice of a demand for arbitration with the

---

[7] Within Grand Homes's motion to compel arbitration, it identified Bruton as an employee of Grand Homes who "operates as an agent of [Grand Homes] when she is acting within the scope of her employment."

15

AAA within the 100 days, or by December 19, 2007, as required by the arbitration clause.

Although Bruton asserts that the function of officially noticing an intention to arbitrate with the AAA was fulfilled by the filing of the motion to compel arbitration, we disagree. Under the plain language of the arbitration agreement, the party seeking arbitration was required to give written "notice of any demand for arbitration" with "both the other party to this agreement and with the American Arbitration Association." The agreement provides a very specific method for referring a claim to arbitration, and we will not disregard the plain language of the contract as Bruton's position would require us to do. *See D. Wilson Constr. Co.,* 988 S.W.2d at 393 (holding that general contract principles apply to construction of an arbitration agreement and the contract should be enforced according to its plain meaning).

Because Bruton did not comply with the contractual requirements which entitle her to arbitration, she did not comply with the condition precedent to her contractual right to arbitration. *See Garcia,* 878 S.W.2d at 666 (holding that where the notice given did not meet the requisites established by the parties in their agreement, the trial court properly refused to refer the dispute to arbitration). This breach affects the enforceability of the arbitration provision to which the condition is attached. *Jennings*, 936 S.W.2d at 18*; Ely,* 2001 WL

16

869362, at *3.  Accordingly, we determine that the trial court properly refused to refer the dispute to arbitration.  *See Garcia*, 878 S.W.2d at 666.

## VI. Conclusion

Accordingly, we hold that the trial court did not err in denying the motion to compel arbitration.  We affirm the trial court's order.


BOB MCCOY
JUSTICE

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: May 22, 2008

17