COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-352-CV

 

 

GRAND
TEXAS HOMES, INC.,                                              APPELLANTS

D/B/A
GRAND HOMES, GRAND 

HOMES
2003, L.P., GRAND 

HOMES
2000, L.P. AND 

MELANIE BRUTON                                                                               

 

                                                   V.

 

SHIRLEY HILL AND JULIUS HILL                                              APPELLEES

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








In this interlocutory appeal,
Appellants Grand Homes and Melanie Bruton challenge the trial court=s denial of their motion to compel arbitration.  We affirm.

II. Factual and Procedural
History

On April 11, 2005, Appellees
Shirley and Julius Hill entered into a contract with Grand Homes 2003, L.P. (AGrand Homes@) for the
construction and purchase of a new home. 
The Hills paid Grand Homes a $5,000 deposit upon executing the
agreement.  Four days later, GLG
Mortgage, L.P. (AGrand
Lending@), an affiliate of Grand Homes, approved the Hills for a home
loan.  Over the next two months, the
Hills paid Grand Homes an additional $118,000, which they were told would go
toward paying down the total purchase price and toward Aconstruction upgrades.@ 








More than six months after
receiving loan approval, the Hills were notified by Grand Lending that they no
longer qualified for their loan. 
Subsequently, Grand Homes notified the Hills that it had elected to
terminate their contractual agreement due to the Hills= failure to close.  Shirley Hill
called Grand Homes and requested a refund of the $5,000 deposit and the
additional payments totaling over $118,000 that Grand Homes had retained.  During this telephone call, Shirley Hill
spoke with Mike Mints, Vice President of Grand Homes, and he refused her demand
for the refund.  On September 5, 2006,
the Hills received a letter from Mints in which he again refused Shirley=s demand for the return of the money. 
On April 16, 2007, the Hills received an additional letter from Robert
Garcia, general counsel of Grand Homes, in which Grand Homes again refused the
Hills= demands.  Subsequently, the
Hills discovered that Grand Homes had sold the house to another buyer. 

On June 11, 2007, the Hills
filed suit against Grand Homes for breach of contract, negligence, suit on
debt, statutory fraud, negligent misrepresentation, DTPA violations, and injunctive
relief.  On September 4, the Hills added
Melanie BrutonCa sales
employee of Grand Homes whom the Hills dealt with when they entered the
contractCas a defendant. 

On September 19, Grand Homes
filed a motion to compel arbitration on behalf of itself and Melanie Bruton,
arguing that the parties= contract
requires arbitration of the dispute.  The
parties= contract contains the following arbitration clause:

[A]ll
claims and disputes arising out of or relating to this Agreement, except only
any dispute in which Seller seeks equitable relief, shall be settled by
arbitration in accordance with the rules of The American Arbitration
Association then in effect . . . .

 








a. If
an agreement shall not have been reached within ten (10) days after notice of a
claim or dispute is delivered by either party to the other party in accordance
with the terms of this Agreement, then either party shall have the right at any
time after the expiration of such 10-day period to refer such claim or dispute
to arbitration as herein provided, and both parties shall cooperate in
obtaining such arbitration. 

 

b.
Notice of any demand for arbitration shall be filed in writing by the party
seeking arbitration with both the other party to this Agreement and with The
American Arbitration Association. Any demand for arbitration shall be made
within 90 days after the expiration of the 10-day period specified above . . .
.

 

The trial court denied the
motion to compel arbitration, and Grand Homes and Bruton filed this
interlocutory appeal as well as an application for writ of mandamus.  This court consolidated the interlocutory
appeal and the original proceeding on December 6 and denied Grand Homes=s and Bruton=s petition
for writ of mandamus on February 21, 2008. 


III. Standard of Review

A trial court must consider
two factors when determining whether to compel arbitration: (1) whether a
valid, enforceable arbitration agreement exists, and (2) if so, whether the
claims asserted fall within the scope of that agreement.  See Ikon Office Solutions, Inc. v. Eifert,
2 S.W.3d 688, 693 (Tex. App.CHouston [14th Dist.] 1999, no pet.). 








The party seeking arbitration
has the initial burden to establish its right to the remedy under the contract;
that is, to establish that a valid, enforceable arbitration agreement
exists.  See id.; Grand Homes
98, L.P. v. Ely, No. 05-00-00925-CV, 2001 WL 869362, at *1 (Tex. App.CDallas Aug. 2, 2001, no pet.). 
Once a party establishes a claim within the scope of the arbitration
agreement, the trial court must compel arbitration and stay its own proceedings
unless the party opposing arbitration meets its burden of presenting evidence
that prevents enforcement of the agreement. 
In re H.E. Butt Grocery Co., 17 S.W.3d 360, 367 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

In reviewing factual
questions concerning an order denying arbitration, the appellate courts use a Ano evidence@
standard.  See Eifert, 2 S.W.3d at
693. Legal conclusions, however, are reviewed de novo.  Id.  Because Texas public policy favors
arbitration, every reasonable presumption must be decided in favor of
arbitration.  Id. 

IV. Grand Homes 








Because the Hills do not
dispute the existence of an arbitration agreement or that their claims fall
within the scope of the arbitration clause, they have the burden to present
evidence to prevent enforcement of the agreement.  See In re H.E. Butt Grocery, 17 S.W.3d
at 376.  Although the Hills challenge the
enforcement of the arbitration agreement on four grounds, the dispositive issue
in this case is whether Grand Homes failed to comply with a condition precedent
in the contract to invoke the arbitration clause.[2]  Specifically, the Hills contend that Grand
Homes=s failure to file a demand for arbitration within 100 days of
receiving notice of the Hills= claims was a failure of a condition precedent that was required to be
met before arbitration could be compelled. 
A. Substantive vs. Procedural Issue 








Grand Homes first argues that
the question of whether a condition precedent was satisfied is a procedural
question that must be left to the arbitrator. 
See Ely, 2001 WL 869362, at *1.  Thus, according to its argument, whether
Grand Homes timely demanded arbitration should not be decided by the trial
court, and any determination of this question by the trial court is error.        Grand Homes made this exact same
argument in an earlier case that its affiliate Grand Homes 98 was involved in.  See id.  In Ely, Grand Homes 98 had contracted
with the plaintiffs for the construction of a new home.  Id.  After closing on the contract, the plaintiffs
discovered that the house had been severely damaged in a fire and had suffered
substantial water damage.  Id.  The plaintiffs sent a demand letter to Grand
Homes 98 on January 18, 2000, and then subsequently filed suit on April 25,
2000.  Id.  On May 17, Grand Homes 98 filed a motion to
compel arbitration.  Id.  The trial court denied the motion because
it found that Grand Homes 98 had failed to comply with notice requirements that
were a condition precedent to the arbitration clause.  Id.  On appeal, the reviewing court held that it
was permissible for the trial courtCrather than the arbitratorCto determine whether the condition precedent had been satisfied because
the relevant facts of the case were undisputed. 
Id. 

Thus, the question before us
today is whether the facts are disputed; if they are, then the issue of whether
the condition precedent was fulfilled should have been determined by the
arbitrator, as asserted by Grand Homes.  See id.  Grand Homes argues that the facts are disputed
because the Hills failed to present any evidence indicating when or if they
delivered the required notice of Aa claim or dispute.@ 








After a careful review, we
determine that the record clearly shows that Grand Homes received notice of the
Hills= Aclaim or
dispute,@ and therefore we determine that Grand Homes had notice as a matter of
law.  See Tex. Dep't of Criminal
Justice v. Simons, 140 S.W.3d 338, 347B48 (Tex. 2004) (holding that actual notice can be determined as a
matter of law).  First, although Grand
Homes argues that the facts are disputed, they have offered nothing more than
their bare assertion that Athere is no evidence before the [trial court] as to when or if [notice
of a claim or dispute] occurred.@  In contrast, the record
clearly shows that the Hills presented affidavit testimony in which Shirley
Hill stated that after learning that according to Grand Homes she and her
husband no longer qualified for their loan, she called Grand Homes and spoke
with Vice President Mints and Arequested a refund of the $5,000 deposit and the additional payments
totaling over $118,000.@  However, Mints refused her request as
evidenced by his September 5, 2006 letter. 
We determine that this evidence indicates that Grand Homes had notice
that the Hills were disputing the withholding of their approximate $123,000,
and there is no conflicting evidence in the record.  See World Savings Bank, F.S.B. v. Gantt,
246 S.W.3d 299, 305 (Tex. App.CHouston [14th Dist.] 2008, no pet.) (stating that a fact issue existed
where there was conflicting evidence in the record).  








However, even if it could be
argued that this exchange between Shirley Hills and Mints was insufficient to
convey notice to Grand Homes that the Hills had a claim or dispute regarding
the withholding of the funds, the record further shows that after receiving
Mints=s letter, Shirley Hills continued to contact Grand Homes to make
requests for documentation as to how the $118,000 was applied.  However, all such requests were denied by
Grand Homes=s
representatives.  The culmination of
Grand Homes=s refusal to
return the funds was evidenced in the April 16, 2007 letter to the Hills in
which Grand Homes rejected A[Shirley=s] demand
for the return of deposits retained by Grand Homes.@  Clearly, Grand Homes had
notice as of April 16 that the Hills were disputing the fact that their money
had not been returned to them. 

Furthermore, we are not
convinced by Grand Homes=s
characterization of Shirley Hill=s multiple phone calls as Ainquiries@ that were
insufficient to convey notice.  First,
the record shows that the Hills continued to contact Grand Homes regarding the
retained funds even after Grand Homes had denied their request by phone and by
letter.  The Hills= repeated attempts to recover their funds indicates that the Hills
actually disputed Grand Homes=s decision to retain the funds and that they were making more than a
mere Ainquiry,@ as Grand
Homes asserts.  Moreover, the very letter
sent by Grand Homes on April 16 states that it is in response to A[the Hills=] demand for
the return of deposits.@  The fact that Grand Homes referred to the
Hills Ademand@ indicates
that it was more than a mere Ainquiry.@








Because the record does not
show any conflicting evidence regarding whether Grand Homes had notice of the
Hills= claim or dispute, we determine that Grand Homes had notice of the
Hills= claim or dispute.  Because the
facts are undisputed, we hold that it was proper for the trial court to make
the determination of whether the condition precedent was satisfied.[3]
 See Ely, 2001 WL 869362, at
*2.  Thus, we reject Grand Homes=s first argument.

B. Burden to Demand Arbitration 

Grand Homes further contends
that there is no legal or factual basis for the Hills= argument that the timely demand for arbitration is a condition
precedent to the right to arbitrate. 








General contract principles
apply to construction of an arbitration agreement.  See D. Wilson Constr. Co. v. Cris Equip.
Co., 988 S.W.2d 388, 393 (Tex. App.CCorpus Christi 1999, pet. granted, judgm=t rev=d w.r.m.); Ely,
2001 WL 869362, at *2.  A contract Awill be enforced according to its plain meaning unless such a reading
would defeat the intention of the parties.@  D. Wilson Constr. Co., 988
S.W.2d at 393.  A condition
precedent in a contract includes an event that must occur before there is a
right to performance under a contract.  Id.
at 395.  To determine whether a
condition precedent exists, the intention of the parties must be ascertained, which
requires an examination of the entire contract. 
See Criswell v. European Crossroads Shopping Ctr., Ltd., 792
S.W.2d 945, 948 (Tex. 1990).  Conditional
language, such as Aif,@ is indicative that a condition precedent was intended by the
parties.  See Belmont Constructors,
Inc. v. Lyondell Petrochemical Co., 896 S.W.2d 352, 357 (Tex. App.CHouston [1st Dist.] 1995, no writ). 
Breach of a condition precedent affects the enforceability of the
provision to which the condition is attached. City of Alamo v. Garcia,
878 S.W.2d 664, 665 (Tex. App.CCorpus Christi 1994, no writ). 

Grand Homes first argues that
it did not have the burden to initiate arbitration prior to the filing of the
Hills' suit.  Instead, Grand Homes argues
that it was the Hills' responsibilityCas claimantsCto initiate arbitration
proceedings and that Grand Homes was never a party seeking arbitration under
the contract. 

We reject this argument because the plain
language of the contract gives Aeither party@ the right
to refer any claim or dispute to arbitration. 
See e.g., Ely, 2001 WL 869362, at *2.  Thus, it is the responsibility of the party
desiring  arbitration to file a demand
for arbitration.  








We also reject Grand Homes=s contention that the time period to demand arbitration does not apply
to Grand Homes.  After reviewing the
contract, we determine that the plain language clearly expresses the parties'
intent that a timely demand for arbitration must occur before a party has a
right to arbitration.  See id.  Section 17 provides: AIf an agreement shall not have been reached within 10 days after
notice of a claim or dispute is delivered by either party to the other party .
. . , then either party shall have the right at any time after the expiration
of such 10‑day period to refer such claim or dispute to arbitration as
herein provided.@  Id.  It further provides: AAny demand for arbitration shall be made within 90 days after the
expiration of the 10‑day period specified above.@  Id.  We conclude that under the plain language of
the parties' agreement, a timely demand for arbitration was a condition
precedent to the enforceability of the arbitration clause.  See id. 

C. 
Whether Grand Homes Satisfied the Condition Precedent? 

Grand Homes next argues that
if the contract required that a demand for arbitration be made within 100 days
of receiving notice of a claim or dispute, then it satisfied such a condition
as it filed a demand for arbitration within 100 days of the filing of the
underlying lawsuit.  Grand Homes points
to June 18, 2007Cthe date
that it was served with the Hills= lawsuitCas the day
that it received notice of the Hills= claims or disputes.  Grand
Homes asserts that because it actually received notice of the claims on June
18, the expiration for the asserted time to make a demand for arbitration fell
on September 25, or 100 days after June 18. 
Thus, Grand Homes asserts that its demand for arbitration was timely
because it filed the motion to compel arbitration on September 19. 








After reviewing the plain
language of the arbitration agreement, we determine that Grand Homes failed to
satisfy the condition precedent.  First,
the record shows that Grand Homes failed to file an adequate demand for
arbitration.  Grand Homes=s attempt to rely on its September 19 motion to compel arbitration as
evidence that it complied with the arbitration agreement is insufficient.  Per the agreement, Grand Homes was required
to file a demand for arbitration with the American Arbitration Association (AAAA@) within 100
days of receiving notice of the Hills= claims.  The record is clear
that Grand Homes has never filed such a demand with the AAA.  








Furthermore, even if Grand
Homes=s September 19 motion to compel arbitration was a sufficient Ademand@ for
arbitrationCwhich it is
notCthe motion was still untimely. 
Our review of the record shows that Grand Homes had notice of the Hills= Aclaim or
dispute@ at the latest by April 11, 2007.[4]  Grand Homes was required to file a demand for
arbitration within 100 days, or, at the latest, by July 20, 2007.[5]  However, Grand Homes did not file its motion
to compel arbitration until September 19. 
Thus, the record shows that Grand Homes failed to demand arbitration
within 100 days of receiving notice of the Hills= dispute as required by section 17 of the arbitration agreement.  

Grand Homes did not comply
with this condition precedent to its contractual right to arbitration, and this
breach affects the enforceability of the arbitration provision to which the
condition is attached.  Weekley Homes,
Inc. v. Jennings, 936 S.W.2d 16, 18 (Tex. App.CSan Antonio 1996, writ denied); Ely, 2001 WL 869362, at
*3.  We conclude that because the Hills
have presented evidence that Grand Homes failed to satisfy a condition
precedent, Grand Homes was not entitled to an order compelling
arbitration.  See In re H.E. Butts
Grocery, 17 S.W.3d at 367; Ely, 2001 WL 869362, at *3.[6]


V. Melanie Bruton

In this appeal, the Hills
allege that a Grand Homes=s sales
employee, Melanie Bruton, was not entitled to an order compelling arbitration
because she and Grand Homes failed to satisfy a condition precedent.








Although Bruton was not a
signatory to the contract between Grand Homes and the Hills, no one challenges
the fact that Bruton was an agent acting for Grand Homes=s benefit and within the scope of her agency.[7]  Because a principalCsuch as Grand HomesCis bound under the terms of a valid arbitration clause, its agents,
employees, and representatives are also covered under the terms of such
agreements.  See In re Merrill Lynch
Trust Co. FSB, 235 S.W.3d 185, 188 n.5 (Tex. 2007).  Thus, the pertinent question before us is
whether Bruton satisfied the arbitration clause=s condition precedent.  








The record shows that Bruton
was added as a defendant in this lawsuit on September 4, 2007, and that she
received notice of the Hills= amended petition on September 10. 
On September 19, Grand Homes filed a motion to compel arbitration on
behalf of itself and Bruton.  As
we have previously determined, this motion was an insufficient demand for
arbitration.  Per the agreement, Bruton
and Grand Homes were required to file notice of a demand for arbitration with
the AAA and with the Hills within 100 days of receiving notice of the Hills= claims.  Bruton had
notice of the Hills= claims once
she was served with their lawsuit on September 10.  However, there is no evidence in the record
to show that Bruton filed notice of a demand for arbitration with the AAA
within the 100 days, or by December 19, 2007, as required by the arbitration
clause.

Although Bruton asserts that
the function of officially noticing an intention to arbitrate with the AAA was
fulfilled by the filing of the motion to compel arbitration, we disagree.  Under the plain language of the arbitration
agreement, the party seeking arbitration was required to give written Anotice of any demand for arbitration@ with Aboth the
other party to this agreement and with the American Arbitration Association.@  The agreement provides a very
specific method for referring a claim to arbitration, and we will not disregard
the plain language of the contract as Bruton=s position would require us to do. 
See D. Wilson Constr. Co., 988 S.W.2d at 393 (holding that
general contract principles apply to construction of an arbitration agreement
and the contract should be enforced according to its plain meaning).  








Because Bruton did not comply
with the contractual requirements which entitle her to arbitration, she did not
comply with the condition precedent to her contractual right to
arbitration.  See Garcia, 878
S.W.2d at 666 (holding that where the notice given did not meet the requisites
established by the parties in their agreement, the trial court properly refused
to refer the dispute to arbitration).  This breach affects the enforceability of the arbitration provision to
which the condition is attached.  Jennings, 936 S.W.2d at 18; Ely,
2001 WL 869362, at *3.  Accordingly, we
determine that the trial court properly refused to refer the dispute to
arbitration.  See Garcia, 878
S.W.2d at 666.

VI. Conclusion 

Accordingly, we hold that the
trial court did not err in denying the motion to compel arbitration.  We affirm the trial court=s order.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED:
May 22, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]In
this interlocutory appeal, the Hills challenge the enforcement of the
arbitration clause on four grounds: (1) failure to satisfy an asserted
condition precedent to arbitration; (2) collateral estoppel precluding
arbitration; (3) waiver; and (4) unconscionability.

 





[3]Because we hold that the facts are
undisputed, we must review the trial court=s denial of Grand Homes= motion to compel arbitration under a de novo standard.  See Eifert, 2 S.W.3d at 693; Ely,
2001 WL 869362, at *1.

 





[4]September 5, 2006 and April 11,
2007 are the dates that Grand Homes sent the Hills two letters in which Grand
Homes denied the return of the Hills= deposit and subsequent payments, totaling $123,000. 





[5]See id.





[6]Thus,
it is unnecessary for us to consider the remaining grounds upon which the Hills
challenged the enforcement of the arbitration clause.  See Tex. R. App. P. 47.1.





[7]Within
Grand Homes=s
motion to compel arbitration, it identified Bruton as an employee of Grand
Homes who Aoperates
as an agent of [Grand Homes] when she is acting within the scope of her
employment.@